MICHAEL ANTHONY ESTRADA v. STEVEN J. BURNHAM

No. 338PA85

(Filed 2 April 1986)

1. **Rules of Civil Procedure §§ 11, 41.1— filing of complaint—immediate voluntary dismissal—no right to refile action within one year**

   Rules of Civil Procedure 41(a)(1) and 11(a) must be construed *in pari materia* to require that, in order for a timely filed complaint to toll the statute of limitations and provide the basis for a one-year "extension" by way of a Rule 41(a)(1) voluntary dismissal without prejudice, the complaint must conform in all respects to the rules of pleadings, including the implicit requirement of Rule 11(a) of a good-faith filing with the intent to pursue the action. Therefore, a complaint filed by plaintiff for the sole purpose of tolling the statute of limitations and voluntarily dismissed two minutes later was a sham pleading subject to being stricken and disregarded pursuant to Rule 11(a) and could not provide a basis for the action to be refiled within one year after such dismissal.

2. **Rules of Civil Procedure § 52— no necessity for findings of fact—appellate review**

   The trial court was not required to make findings of fact in its order allowing defendant's motion to dismiss plaintiff's action on the ground that it was time-barred where neither party requested that the court make findings. Furthermore, where no findings were required, it is presumed that the court on proper evidence found facts to support its judgment. N.C.G.S. 1A-1, Rule 52(a)(2).

3. **Rules of Civil Procedure § 11— sham and false complaint—judicial admissions**

   A judicial admission by plaintiff's counsel in the appellate briefs and oral argument that there was never an intent to prosecute an action when it was filed and that the complaint was filed for the sole purpose of dismissing it to gain a one-year extension under Rule 41(a)(1) was sufficient to show that the complaint was sham and false and should be stricken pursuant to Rule 11(a).

ON discretionary review of a decision of the Court of Appeals, 74 N.C. App. 557, 328 S.E. 2d 611 (1985), reversing the order of *Walker, J.,* dismissing plaintiff's medical malpractice complaint filed in the Superior Court, ORANGE County, on 5 April 1984. Heard in the Supreme Court 12 February 1986.

*McCain & Essen, by Grover C. McCain, Jr., and Jeff Erick Essen, for plaintiff-appellee.*

*Yates, Fleishman, McLamb & Weyher, by Joseph W. Yates, III, and Barbara B. Weyher, for defendant-appellant.*

MEYER, Justice.

Complications arising from surgery to repair a bullet wound in plaintiff's leg resulted in his undergoing a lengthy embolectomy at North Carolina Memorial Hospital. The operation lasted from 6:00 p.m. on 18 June 1979 until 10:00 a.m. the next morning and was performed by John R. Miles, M.D., a Fellow in the Vascular Surgery Department. During the operation, Dr. Miles telephoned defendant, the attending physician, for assistance and consultation. On at least one occasion, defendant came to the operating room, but did not perform any surgery. The operation was unsuccessful in reestablishing blood flow in plaintiff's lower leg, and on the following day, his left leg was amputated below the knee.

On 18 June 1982 at 4:28 p.m., plaintiff filed with the *Durham County* Clerk of Superior Court a "bare bones" complaint alleging that the plaintiff was admitted to North Carolina Memorial Hospital for treatment of a "false aneurysm" in his left leg, that Dr. Burnham was negligent in his care and treatment of plaintiff, and that plaintiff was damaged as a proximate result of such negligence. The complaint contained no allegations with respect to the specific manner in which defendant was purportedly negligent. The unverified complaint, numbered 82CVM06216, was signed by plaintiff's attorney Jeff Erick Essen, whose name also appeared as plaintiff's attorney on a civil summons identically numbered and issued simultaneously with the filing of the complaint.

At 4:30 p.m., *two minutes* after the original complaint was filed, a notice of dismissal, numbered 82CVS01674, was filed with the Durham County Clerk of Superior Court purporting to voluntarily dismiss the action without prejudice pursuant to Rule 41(a)(1) of the North Carolina Rules of Civil Procedure.[1]

1. We note that, according to the record on appeal as certified to the Court of Appeals and to this Court, the notice of dismissal bears file number 82CVS01674, while the 1982 Durham County complaint bears file number 82CVM06216. The civil magistrate (small claims) docket number was apparently stamped on the complaint and summons in error and was "whited out" on the original documents on file with the Clerk of Superior Court of Durham County and the correct CVS docket numbers inserted at the time the documents were filed. The correction was never made in the record on appeal prior to or following its certification on appeal.

Plaintiff's counsel has, in complete frankness, conceded that neither he nor anyone else ever attempted to serve the summons and complaint or the notice of dismissal in the June 1982 *Durham County action* on defendant.

The three-year statute of limitations, as set forth in N.C.G.S. §§ 1-15(c) and 1-52, expired the next day, 19 June 1982.[2] Nevertheless, on 16 June 1983, plaintiff filed with the *Orange County* Clerk of Superior Court a second unverified complaint bearing the signatures of attorneys Jeff Erick Essen and Grover C. McCain, Jr., naming Dr. Burnham as defendant and setting forth a cause of action for medical malpractice arising out of the June 1979 surgical procedures.[3] A summons issued on 16 June 1983 was served on defendant, along with the complaint of the same date, on 14 July 1983.

Upon receipt of the 1983 Orange County summons and complaint, defendant filed a motion to dismiss on 27 July 1983 pursuant to Rule 12(b)(6) of the Rules of Civil Procedure on grounds that the three-year statute of limitations prescribed by N.C.G.S. §§ 1-15(c) and 1-52 barred the action which allegedly accrued on 19 June 1979 and that the complaint failed to allege circumstances making the plaintiff's injuries not readily apparent so as to extend the limitations period under N.C.G.S. § 1-15(c) an additional year. It was not until after this motion had been filed and served that defendant first became aware that a summons had been issued and a complaint filed and voluntarily dismissed in *Durham County* one year earlier by this same plaintiff for damages arising out of the identical factual circumstances.

2. Plaintiff's new complaint, *see infra*, appears to allege 19 June 1979 as the date of the last act by defendant giving rise to the cause of action.

3. The 1983 "Orange County complaint" contains no allegations which would support a cause of action for medical malpractice with a four-year statute of limitations under N.C.G.S. § 1-15(c) (injury not readily apparent), and plaintiff presented no evidence to support such circumstances at the 1984 hearing on defendant's motion to dismiss that complaint, nor was this theory briefed before the Court of Appeals. Thus, the question of whether plaintiff's 1983 Orange County complaint was one alleging a cause of action governed by a four-year statute of limitations is not properly before this Court. N.C.R. App. P., Rule 16(a). *See also State v. Freeman*, 308 N.C. 502, 513, 302 S.E. 2d 779, 785 (1983); *Falls Sales Co., Inc. v. Board of Transp.*, 292 N.C. 437, 443, 233 S.E. 2d 569, 573 (1977).

A hearing was conducted before Judge Russell G. Walker, Jr., on 2 April 1984 on defendant's motion to dismiss the 1983 Orange County complaint on grounds that the action was time-barred. Judge Walker ordered that defendant's Rule 12(b)(6) motion be allowed and the action be dismissed with prejudice. Plaintiff gave notice of appeal to the North Carolina Court of Appeals on 5 April 1984.

The Court of Appeals reversed Judge Walker's judgment dismissing the action, reasoning that N.C.G.S. § 1A-1, Rule 41(a)(1) does not require that a plaintiff serve or attempt to serve process upon a defendant prior to taking a voluntary dismissal of the action without prejudice, thus benefitting the plaintiff with the "saving" provision of that rule allowing the action to be refiled within one year after such dismissal. The Court of Appeals reasoned that plaintiff's 1982 Durham County action had not been discontinued by failure to attempt service and was still therefore "alive" at the time plaintiff took his Rule 41(a)(1) dismissal. In other words, prior to taking the dismissal, "no time period had lapsed during which plaintiff was required . . . to take further steps to keep his action viable." *Estrada v. Burnham*, 74 N.C. App. at 559, 328 S.E. 2d at 612. The Court of Appeals held that by his actions (filing the 1982 Durham County complaint and having summons simultaneously issued, then instantly dismissing the complaint), plaintiff "tolled the statute of limitations and effectively obtained the one year extension within which to commence a new action based on the same claim pursuant to Rule 41(a)(1)." *Id.* Because plaintiff's 1983 Orange County complaint was filed within one year of the 1982 Durham County voluntary dismissal, the Court of Appeals reversed the order dismissing plaintiff's 1983 Orange County action.

We reverse and remand for reinstatement of the order of Judge Walker dismissing the 1983 Orange County action.

N.C.G.S. § 1A-1, Rule 41(a),[4] provides in pertinent part:

(a) *Voluntary dismissal; effect thereof.—*

---

4. All subsequent references to "rules" are to the North Carolina Rules of Civil Procedure, Chapter 1A-1 of the North Carolina General Statutes (1983), unless otherwise specified.

(1) By plaintiff; . . . —Subject to the provisions of Rule 23(c) and of any statute of this State, an action or any claim therein may be dismissed by the plaintiff without order of court (i) by filing a notice of dismissal at any time before the plaintiff rests his case . . . . If an action commenced within the time prescribed therefor, or any claim therein, is dismissed without prejudice under this subsection, a new action based on the same claim may be commenced within one year after such dismissal . . . .

The Court of Appeals' opinion seems to assume that Rule 41(a)(1) may be applied in isolation. This assumption is erroneous. Rule 41(a)(1) must be applied in conjunction with the rules for drafting and certification of pleadings. It was unnecessary for the Court of Appeals to reach the question of whether a Rule 4 requirement of service or attempted service of process is engrafted on Rule 41(a)(1), because the complaint filed by plaintiff in Durham County at 4:28 p.m. on 18 June 1982 and dismissed two minutes later was a sham pleading subject to being stricken and disregarded pursuant to Rule 11(a).

We disagree with the Court of Appeals' conclusion that "[d]efendant's contentions regarding Rule 11 are . . . inapplicable to the facts of this case." On the contrary, we find Rule 11(a) dispositive. Rule 11(a) provides in pertinent part:

(a) *Signing by attorney.*—Every pleading of a party represented by an attorney shall be signed by at least one attorney of record in his individual name, whose address shall be stated. . . . *The signature of an attorney constitutes a certificate by him that* he has read *the pleading*; that to the best of his knowledge, information, and belief there is good ground to support it; and that it *is not interposed for delay. If a pleading* is not signed or *is signed with intent to defeat the purpose of this rule, it may be stricken as sham and false* and the action may proceed as though the pleading had not been served. (Emphasis added.)

In his briefs before the Court of Appeals and before this Court, plaintiff has candidly conceded that the 1982 Durham County "lawsuit was filed with the intention of dismissing it in order to avoid the lapse of the statute of limitations." Indeed, during oral argument before this Court in reference to his filing the

1982 Durham County complaint, plaintiff's counsel admitted, "We did not intend at that point in time to prosecute a legal action against the doctor [defendant, Burnham]." Again during oral argument before this Court, plaintiff's counsel stated, "Clearly there was an intention on our part not to prosecute that [1982 Durham County] action, and we concede that."

[1] The dispositive question is whether a plaintiff may file a complaint within the time permitted by the statute of limitations for the sole purpose of tolling the statute of limitations, but with no intention of pursuing the prosecution of the action, then voluntarily dismiss the complaint and thereby gain an additional year pursuant to Rule 41(a)(1). We conclude that an affirmative response to this question would amount to an endorsement of a violation of the spirit as well as the letter of the North Carolina Rules of Civil Procedure.

We do not agree with plaintiff's implied assumption (and apparently that of the panel below) that Rule 41(a)(1) may be construed and applied in isolation. The Rules of Civil Procedure represent a carefully drafted scheme, modeled after the Federal Rules of Civil Procedure, "designed to eliminate the sporting element from litigation . . . . [T]he rules should be construed as a whole, giving no one rule disproportionate emphasis over another applicable rule." W. Shuford, North Carolina Civil Practice and Procedure § 1-3 (2d ed. 1981) (footnotes omitted). Although it is true that Rule 41(a)(1) does not, on its face, contain an explicit prerequisite of a good-faith filing with the intent to pursue the action, we find such a requirement implicit in the general spirit of the rules, as well as in the mandates of Rule 11(a). Construing the rules as a whole, we hold that Rules 41(a)(1) and 11(a) must be construed *in pari materia* to require that, in order for a timely filed complaint to toll the statute of limitations and provide the basis for a one-year "extension" by way of a Rule 41(a)(1) voluntary dismissal without prejudice, the complaint must conform in all respects to the rules of pleading, including Rule 11(a). A pleading filed in violation of Rule 11(a) should be stricken as "sham and false" and may not be voluntarily dismissed without prejudice in order to give the pleader the benefit of the "saving" provision of Rule 41(a)(1). A second complaint, filed in reliance on the one-year "extension" in such a situation, is subject to dismissal upon ap-

propriate motion by the adverse party upon grounds that the new action is time-barred.

Plaintiff contends that a Rule 11(a) violation cannot be the basis for our upholding the trial court's allowing defendant's Rule 12(b)(6) motion to dismiss the 1983 Orange County complaint because the trial court failed to enter findings of fact or conclusions of law which would have indicated whether Rule 11(a) was a basis upon which the trial court allowed the motion to dismiss. Indeed, the trial court's order, filed 5 April 1984, states only that a hearing was conducted, and after reviewing the record and hearing arguments, the trial court allowed defendant's motion to dismiss the complaint with prejudice.

[2] Rule 52(a)(2) provides that "[f]indings of fact and conclusions of law are necessary on decisions of any motion or order *ex mero motu* only when requested by a party and as provided by Rule 41(b)." There is no indication in the record that either party requested that the trial judge make findings. Nor does Rule 12(b)(6) or Rule 11(a) require that findings be entered of record. When the trial court is not required to find facts and make conclusions of law and does not do so, it is presumed that the court on proper evidence found facts to support its judgment. *Williams v. Bray*, 273 N.C. 198, 201, 159 S.E. 2d 556, 558 (1968); *Sherwood v. Sherwood*, 29 N.C. App. 112, 113-14, 223 S.E. 2d 509, 509-11 (1976).

[3] Plaintiff also contends that this Court may not uphold the dismissal of his 1983 Orange County complaint for a Rule 11(a) violation in conjunction with the 1982 Durham County complaint because an appellate court cannot make findings of fact. Plaintiff argues that his *intent* in filing the 1982 Durham County complaint is not part of the record. We disagree. It is plaintiff's counsel's intent in certifying a pleading that is relevant under Rule 11(a), and he is free to make a judicial admission as to that intent and withdraw the question from the realm of dispute either at the trial court level or upon appeal.

Judicial admissions are conclusive and are binding in every respect. *See* 2 Brandis on North Carolina Evidence § 171 (2d rev. ed. 1982).

> A *judicial* or *solemn* admission is a formal concession made by a party (usually through counsel) in the course of lit-

igation for the purpose of withdrawing a fact or facts from the realm of dispute. . . . Such an admission is not evidence, but rather removes the admitted fact from the field of evidence by formally conceding its existence.

2 Brandis on North Carolina Evidence § 166 (2d rev. ed. 1982) (emphasis in original) (footnote omitted). *See also Outer Banks Contractors, Inc. v. Forbes*, 302 N.C. 599, 604, 276 S.E. 2d 375, 379 (1981).

We accept plaintiff's counsel's concession and judicial admission that "[c]learly there was an intent on our part not to prosecute [the 1982 Durham County] action" as placing his actions in certifying the complaint squarely within the prohibitions of Rule 11(a).[5] Although we accept plaintiff's counsel's statement that he filed the first complaint in good faith, believing that he could dismiss and thereby legitimately obtain the one-year extension, we cannot accept his argument that such a filing was in accord with the spirit and letter of Rule 11(a). Moreover, we find plaintiff's candid admission that the 1982 Durham County "lawsuit was filed with the [sole] intention of dismissing it in order to avoid the lapse of the statute of limitations" tantamount to a concession that his only purpose in certifying the complaint was to extend the deadline by which he must draft and file a sufficient complaint.

Plaintiff's 1982 Durham County complaint was certified in violation of Rule 11(a), as evidenced by counsel's judicial admissions that there was never an intent to prosecute that action when filed and that the complaint was filed for the sole purpose of dismissing it to gain a one-year extension under Rule 41(a)(1). We hold, therefore, that the 1982 Durham County complaint was sham and false and that it should be stricken and treated as if it had never been filed. Such a complaint does not trigger rights under Rule 41(a). Thus, plaintiff's purported Rule 41(a)(1) voluntary dismissal is without effect. The result is that plaintiff's 1983

---

5. The Official Comment to Rule 11 states, "As an alternative to the verification control on truth, the federal approach of constituting an attorney's signature to any pleading a *certificate of good faith* in its preparation is adopted. However, the severe explicit federal rule sanction of disciplinary action against an attorney violating this rule is dropped, retaining only the sanction of striking as sham." Commentary, N.C.G.S. § 1A-1, Rule 11 (1983) (emphasis added).

Orange County action is barred by the applicable three-year statute of limitations and was properly dismissed by the trial court upon defendant's Rule 12(b)(6) motion.

> When the complaint discloses on its face that plaintiff's claim is barred by the statute of limitations, such defect may be taken advantage of by a motion to dismiss under Rule 12(b)(6). *Travis v. McLaughlin,* 29 N.C. App. 389, 224 S.E. 2d 243, *cert. denied,* 290 N.C. 555, 226 S.E. 2d 513 (1976); *Teague v. Asheboro Motor Company,* 14 N.C. App. 736, 189 S.E. 2d 671 (1972); Wright & Miller, *Federal Practice and Procedure: Civil* § 1357, at 608 (1969).

*F.D.I.C. v. Loft Apartments,* 39 N.C. App. 473, 475, 250 S.E. 2d 693, 694-95, *disc. rev. denied,* 297 N.C. 176, 254 S.E. 2d 39 (1979).

Because we find plaintiff's 1982 Durham County complaint to have been certified in violation of Rule 11(a) and thus subject to being stricken as sham and false, we need not reach the issue of whether plaintiff was required to comply with Rule 4 service requirements—the grounds upon which the Court of Appeals rendered its decision.

We note, also, the plaintiff's failure to comply with the provisions of Rule 5(a) with regard to the dismissal of the 1982 Durham County complaint. Although it provides for no sanctions upon a failure to comply, Rule 5(a) requires in pertinent part: "[E]very written notice . . . shall be served upon each of the parties." Plaintiff concedes that there was never any attempt to serve a copy of the *notice of dismissal* of the 1982 Durham County action upon defendant or his counsel. Plaintiff's argument that the notice was "effective" upon filing with the clerk misses the point. We can conceive of no *valid* reason for plaintiff to conceal from the defendant the attempted commencement and summary dismissal of the 1982 Durham County action. If plaintiff needed more time to investigate his potential claims against the defendant before filing a well-pled complaint, Rule 3 provides for the commencement of an action by the issuance of a summons and application to the court for permission to file a complaint within twenty days. The Rule 3 requirement that a summons be issued and served in accordance with Rule 4, along with the court's order granting permission to file a complaint within twenty days, is intended to ensure that the defendant will have notice of the commencement of an action against him.

Statutes of limitation are intended to afford security against stale claims. With the passage of time, memories fade or fail altogether, witnesses die or move away, evidence is lost or destroyed; and it is for these reasons, and others, that statutes of limitations are inflexible and unyielding and operate without regard to the merits of a cause of action. *See Shearin v. Lloyd,* 246 N.C. 363, 98 S.E. 2d 508 (1957). Without a prospective defendant's having received some notice of a summons and complaint having been filed against him, he has no reason to believe that he must identify and secure the testimony of witnesses or obtain and continue to preserve evidence which would be useful to his defense or do any of the myriad of other things necessary to prepare a defense or that he must continue to refrain from taking actions or making statements which could be against his interest. Plaintiff's contention that prospective defendants cannot comprehend, and do not calculate or rely upon, the intricacies of N.C.G.S. § 1-15(c) is unpersuasive, especially on these facts. Indeed, plaintiff asserts that defendant was well aware of the fact that a number of fellow physicians had already been named as defendants in a medical malpractice action instituted by this plaintiff in May 1981 in Orange County, arising from the same surgical procedures conducted in June 1979. It is far from "inconceivable" that defendant, Burnham, was acutely aware that the three-year statute of limitations on alleged negligent acts occurring during Michael Estrada's surgery in June 1979 expired in June 1982. Yet, he had no notice that an action had purportedly been commenced against him in Durham County within the limitations period until after he had filed and served his Rule 12(b)(6) motion to dismiss the apparently time-barred Orange County action of June 1983.

To borrow a phrase from plaintiff's brief, we cannot agree that such "procedural gymnastics" as were employed in this case were contemplated by the drafters of the Rules of Civil Procedure. "[T]he fundamental premise of the . . . rules [of Civil Procedure] is that a trial is an orderly search for the truth in the interest of justice rather than a contest between two legal gladiators with surprise and technicalities as their chief weapons . . . ." A. Vanderbilt, Cases and Other Materials on Modern Procedure and Judicial Administration 10 (1952). "The rules are designed to eliminate legal sparring and fencing and surprise

moves of litigants." Sizemore, *General Scope and Philosophy of the New Rules,* 5 Wake Forest Intra. L. Rev. 1, 6 (1968). *See generally* W. Shuford, North Carolina Civil Practice and Procedure § 1-3 (2d ed. 1981).

In conclusion, the decision of the Court of Appeals is hereby reversed and the case is remanded to the Court of Appeals for further remand to the Superior Court, Orange County, for reinstatement of the order of Judge R. Walker, Jr., filed 5 April 1984.

Reversed and remanded.