LAVAL LAMBERT ROBINSON, THE EXECUTRIX OF THE ESTATE OF WILLIAM J. ROBINSON, SR., DECEASED, PLAINTIFF-APPELLANT v. CELIA ENTWISTLE, AND ESLIE ROLLAND PHILLIPS, III, DEFENDANTS-APPELLEES

No. COA98-517

(Filed 2 March 1999)

**Medical Malpractice— medical review before filing—allegation ineffective—statute of limitations not tolled**

The trial court correctly granted summary judgment for defendants based upon the statute of limitations in a medical malpractice action where the original complaint did not contain the allegations of expert review required by Rule 9(j), an allegation in an amendment was ineffective to meet the requirements of Rule 9(j) and that amendment thus cannot relate back to the original filing to toll the statute of limitations, and a voluntary dismissal without prejudice which ordinarily would allow another year for refiling was unavailable in this case.

Appeal by plaintiff from judgment entered 9 December 1997 by Judge James C. Davis in Cabarrus County Superior Court. Heard in the Court of Appeals 6 January 1999.

ROBINSON v. ENTWISTLE

[132 N.C. App. 519 (1999)]

*Wells & Daisley, P.A., by Jameson P. Wells, for plaintiff-appellant.*

*Cozen and O'Connor, by Paul A. Reichs, Kimberly Sullivan and Garrett J. McAvoy, for defendant-appellee Eslie Rolland Phillips, III; and Kurdys & Lovejoy, P.A., by Mark C. Kurdys and Jeffrey S. Bolster, for defendant-appellee Celia Entwistle.*

WALKER, Judge.

The decedent, William J. Robinson, Sr., died on 18 August 1994. On 12 August 1996, plaintiff initiated a medical malpractice action by filing a civil summons along with an order extending time to file her complaint. The order extended the statute of limitations for the filing of the lawsuit until 1 September 1996. On 30 August 1996, plaintiff filed a complaint alleging negligence on the part of the defendants, but it did not contain allegations that the medical care had been reviewed by an expert as required by Rule 9(j) for medical malpractice actions. Before the defendants filed responsive pleadings, plaintiff amended her complaint to include a paragraph which purported to comply with Rule 9(j). Later, on 21 April 1997, plaintiff dismissed the amended complaint without prejudice pursuant to Rule 41(a)(1).

On 6 June 1997, plaintiff re-filed this medical malpractice action. Both defendants answered the complaint and filed motions to dismiss for failure to comply with Rule 9(j), for judgment on the pleadings pursuant to Rule 12(c), and for summary judgment. The trial court denied the Rule 12(c) motions having considered evidence beyond the pleadings and denied the motions to dismiss for failure to comply with Rule 9(j) finding that the second complaint complied with the requirements set out in the rule. However, the trial court granted the motions for summary judgment in favor of the defendants and found that the statute of limitations had expired for the initiation of the action.

The trial court made the following findings of fact and conclusions of law:

5. That the August 30, 1996 complaint filed by the plaintiff did not comply with Rule 9(j) of the North Carolina Rules of Civil Procedure because it did not allege that the medical care had been reviewed by an expert who was reasonably expected to qualify as an expert under Rule 702 and who was willing to testify that the medical care did not comply with the applicable standard

of care, it did not assert that the medical care had been reviewed by a person that the complainant would seek to have qualified as an expert witness by motion under Rule 702(e) and who was willing to testify that the medical care did not comply with the applicable standard of care, and it did not allege facts establishing negligence under the common law doctrine of *res ipsa loquitur*.

6. That on October 28, 1996, the plaintiff filed an amendment to the August 30, 1996, complaint alleging that the medical care of the plaintiff had been reviewed by Dr. Read, a vascular surgeon, who was willing to testify that the medical care did not comply with the applicable standard of care.

7. Dr. Read did not qualify as an expert under Rule 702 of the North Carolina Rules of Evidence to testify as to the standard of care applicable to emergency room physicians.

. . .

9. That on April 21, 1997, the plaintiff voluntarily dismissed the action commenced by the August 30, 1996 complaint because Dr. Read's review of the medical care of William J. Robinson, Sr. did not meet the pleading requirements of Rule 9(j) of the North Carolina Rules of Civil Procedure.

10. The plaintiff did not have William J. Robinson, Sr.'s medical care reviewed by an expert who qualifies under Rule 702 of the North Carolina Rules of Evidence until more than two years after William J. Robinson, Sr.'s death.

. . .

CONCLUSIONS OF LAW

1. That the two-year statute of limitations for wrongful death actions applies to this case and began to run on August 19, 1994, the date of William J. Robinson, Sr.'s death.

2. That the statute of limitations applicable to this case was extended through September 1, 1996, by application of the plaintiff.

3. That the complaint filed by the plaintiff on August 30, 1996, was not properly instituted because it did not conform to the pleading requirements set forth in Rule 9(j) of the North Carolina Rules of Civil Procedure; therefore the August 30, 1996 complaint did not toll the statute of limitations.

4. That the Amendment to the initial complaint filed by the plaintiff on or about October 28, 1996, did not remedy this defect because it alleged that the medical care was reviewed by an expert who did not qualify under Rule 702 to testify as to the standard of care applicable to the defendants in this action.

5. Because the original complaint did not toll the statute of limitations and did not provide the basis for a one year extension by way of a Rule 41(a)(1) Voluntary Dismissal Without Prejudice, the second complaint filed by the plaintiff on June 6, 1997, was filed after expiration of the statute of limitations and therefore is subject to dismissal on the grounds that the action is time barred.

The sole issue in this case is whether the trial court erred in granting summary judgment on behalf of the defendants because the plaintiff's action was barred by the statute of limitations. Plaintiff contends that Rule 41(a)(1) allows a plaintiff to dismiss an action without prejudice and re-file it within one year so long as the original action was filed in a timely manner. Defendants argue that all pleading requirements must be met by the original complaint to toll the statute of limitations and that if the statute of limitations was not tolled, a Rule 41 voluntary dismissal is unavailable to allow an additional year for the action to be re-filed.

Rule 9(j) requires that complaints alleging medical malpractice against a health care provider specifically allege that the "medical care has been reviewed by a person who is reasonably expected to qualify as an expert witness under Rule 702 of the Rules of Evidence and that [the expert] is willing to testify that the medical care did not comply with the applicable standard of care." *Trapp v. Maccioli*, 129 N.C. App. 237, 239-40, 497 S.E.2d 708, 710, *disc. review denied*, 348 N.C. 509, 510 S.E.2d 672 (1998); *See* N.C. Gen. Stat. § 1A-1, Rule 9(j) (Cum. Supp. 1997).

As our Supreme Court has stated, "in order for a timely filed complaint to toll the statute of limitations and provide the basis for a one-year 'extension' by way of a Rule 41(a)(1) voluntary dismissal without prejudice, the complaint must conform in all respects to the rules of pleading." *Estrada v. Burnham*, 316 N.C. 318, 323, 341 S.E.2d 538, 542 (1986); *See Johnson v. City of Raleigh*, 98 N.C. App. 147, 389 S.E.2d 849, *disc. review denied*, 327 N.C. 140, 394 S.E.2d 176 (1990). In *Estrada*, our Supreme Court held that where a complaint failed to

**ROBINSON v. ENTWISTLE**

[132 N.C. App. 519 (1999)]

comply with Rule 11(a) at the time it was filed, it did not toll the statute of limitations. *Estrada,* 316 N.C. 318, 341 S.E.2d 538. Rule 41(a) was not available to the plaintiff in that action to allow him to dismiss and re-file again within one year because the original statute of limitations had not been met. *Id.* Likewise, in *Johnson,* 98 N.C. App. 147, 389 S.E.2d 849, this Court held that Rule 41(a) was not available to a plaintiff who failed to obtain proper service of process pursuant to Rule 4 prior to the time the statute of limitations expired. Thus, Rule 41(a)(1) is only available in an action where the complaint complied with the rules which govern its form and content prior to the expiration of the statute of limitations.

In this case, although the original complaint was timely filed, both the original complaint and the amendment failed to comply with Rule 9(j). The amendment contained an allegation that Dr. Read had reviewed the records and was prepared to testify; however, plaintiff later admitted in discovery that Dr. Read would not qualify as an expert under Rule 702(b)(2) because he had not practiced as an emergency physician during the year prior to the occurrence which is the basis of this action. *See* N.C. Gen. Stat. § 8C-1, Rule 702(b)(2) (Cum. Supp. 1997). Because plaintiff admitted the allegation in the amendment was ineffective to meet the requirements set out in Rule 9(j), that amendment cannot relate back to the time of the original filing to toll the statute of limitations. Thus, a voluntary dismissal without prejudice which ordinarily would allow for another year for re-filing was unavailable to plaintiff in this case.

For these reasons, we must affirm the trial court's granting of summary judgment in favor of the defendants in that this action was not properly filed before the statute of limitations expired.

Affirmed.

Judges LEWIS and TIMMONS-GOODSON concur.