SWEET v. BOGGS

[134 N.C. App. 173 (1999)]

Dismissed and remanded.

Judges WYNN and HUNTER concur.

———————

SHEILA P. SWEET AND HUSBAND, RANDY L. SWEET, PLAINTIFFS V. RENA BOGGS, EXECUTRIX OF THE ESTATE OF HARVEY WENTON DAVIDSON, DEFENDANT

No. COA98-1205

(Filed 6 July 1999)

**Statute of Limitations— voluntary dismissal—action against wrong party—new summons but complaint not amended—statute of limitations not tolled**

The trial court properly dismissed a claim arising from an automobile accident as barred by the statute of limitations where plaintiff filed the claim against Mr. Davidson prior to the expiration of the statute of limitations, being unaware of Davidson's demise; plaintiff issued a summons against the personal representative of his estate when she was advised of his death, but never amended her complaint to allege a cause of action against the personal representative; plaintiff voluntarily dismissed her claim after the statute of limitations had run; and she refiled it within a year. A properly directed summons does not allow a cause of action to survive if the complaint was defective, no amendment of the complaint was ever requested, and the defect was never cured.

Appeal by plaintiffs from order entered 12 June 1998 by Judge Lester P. Martin, Jr., in Alexander County Superior Court. Heard in the Court of Appeals 17 May 1999.

*Joel C. Harbinson for plaintiff appellants.*

*W. Brian Howell, P.A., by W. Brian Howell; and Avery, Crosswhite, Crosswhite & Chamberlain, by William E. Crosswhite, for defendant appellee.*

HORTON, Judge.

On 7 May 1993, Sheila P. Sweet (plaintiff) and Harvey Wenton Davidson (Mr. Davidson) were involved in an automobile accident.

Mr. Davidson died on 22 June 1993 of causes unrelated to the accident. On 6 May 1996, plaintiff brought an action for damages based on her personal injuries from the automobile accident. The 1996 action [Sweet I] was filed in Alexander County Superior Court, numbered 96-CVS-160, and styled "Sheila P. Sweet, Plaintiff, vs. Harvey Wenton Davidson, Defendant." A summons was issued on 6 May 1996 and directed to "Harvey Wenton Davidson, Rt. 2, Box 159, Statesville, NC 28677." The summons was forwarded to the Sheriff of Iredell County, but returned with the notation that the address given was on Sloan Road in Alexander County.

An alias and pluries summons was issued on 5 August 1996, directed to "Harvey Wenton Davidson, Rt. 7, Box 19, Taylorsville, NC 28681." The summons was received by the Sheriff of Alexander County on 5 August 1996 and returned unserved on 6 August 1996 by the Sheriff with the notation that Mr. Davidson was deceased. An alias and pluries summons was again issued on 24 October 1996, directed to Mr. Davidson at "Route 7, Box 19, Taylorsville, NC 28681." That third summons does not show receipt by the Sheriff, nor is there any return by the Sheriff. On 4 December 1996, Rena Boggs, the Executrix of Mr. Davidson's Estate (defendant) moved to dismiss the action on the grounds that it was barred by the statute of limitations, that the named defendant was deceased and not the real party in interest, that a claim upon which relief could be based was not stated, and for insufficiency of process.

Yet another alias and pluries summons was issued by plaintiff on 23 December 1996, directed to: "Ms. Rena Boggs Executrix of the Estate of and the Estate of Harvey Wenton Davidson, Route 15, Box 70, Statesville, NC 28677." The summons was received by the Sheriff of Iredell County on 7 January 1997 and served on "William Boggs—Son" on 8 January 1997. On 1 February 1997, the law firm representing plaintiff dissolved, and plaintiff decided to hire present counsel to represent her. Her present counsel then filed a voluntary dismissal without prejudice on 4 November 1997.

On 16 February 1998, plaintiff and her husband, Randy L. Sweet, instituted this action for damages based on her personal injuries and for loss of consortium as a result of those injuries. Defendant was served with process and moved to dismiss because it appeared on the face of the complaint that plaintiffs' claims were barred by the statute of limitations. The trial court dismissed the complaint, and plaintiffs appealed.

SWEET v. BOGGS

[134 N.C. App. 173 (1999)]

Plaintiff's cause of action for personal injuries against Mr. Davidson survived his death. N.C. Gen. Stat. § 28A-18-1(a) (1984) provides that

> (a) Upon the death of any person, all demands whatsoever, and rights to prosecute or defend any action or special proceeding, existing in favor of or against such person . . . shall survive to and against the personal representative or collector of his estate.

Here, the claim against Mr. Davidson was filed prior to the expiration of the three-year statute of limitations applicable to actions for personal injuries arising from an automobile accident. Apparently, plaintiff was not aware that Mr. Davidson was deceased when the action was instituted. When plaintiff was advised of Mr. Davidson's demise, she issued a summons against the personal representative of his estate, and the summons was served on 23 December 1996. However, plaintiff never amended her complaint to allege a cause of action against the personal representative as defendant. On 1 February 1997, after the statute of limitations had run on plaintiff's claim, plaintiff voluntarily dismissed her claim and then refiled it within a year.

The issue in this case is whether plaintiff's issuance of a *summons* directed to the proper defendant without amending the complaint would make the executrix of Mr. Davidson's estate a party, and validate plaintiff's cause of action. We hold that a properly directed summons does not allow a cause of action to survive if the complaint was defective, no amendment of the complaint was ever requested, and the defect was never cured.

Rule 41(a) of the North Carolina Rules of Civil Procedure provides that, when a claim is voluntarily dismissed without prejudice by a plaintiff, the plaintiff may reinstitute the claim within one year. N.C. Gen. Stat. § 1A-1, Rule 41(a) (1990). The second claim will relate back and avoid the bar of the statute of limitations. *Georgia-Pacific Corp. v. Bondurant*, 81 N.C. App. 362, 365, 344 S.E.2d 302, 304 (1986). However, the first claim must have been valid in order to toll the statute of limitations. *Estrada v. Burnham*, 316 N.C. 318, 323, 341 S.E.2d 538, 542 (1986). Indeed, our case law indicates that a "voluntarily[]dismissed suit which is based on defective service does not toll the statute of limitations." *Johnson v. City of Raleigh*, 98 N.C. App. 147, 148, 389 S.E.2d 849, 850, *disc. review denied*, 327 N.C. 140, 394 S.E.2d 176 (1990). This same principle has applied to voluntarily dismissed suits which were based on defective complaints. " '[I]n order

for a timely filed complaint to toll the statute of limitations and provide the basis for a one-year 'extension' by way of a Rule 41(a)(1) voluntary dismissal without prejudice, the complaint must conform in all respects to the rules of pleading . . . .'" *Robinson v. Entwistle*, 132 N.C. App. 519, 512 S.E.2d 438, 441 (1999) (quoting *Estrada*, 316 N.C. at 323, 341 S.E.2d at 542). In this case, there was no attempt made to amend the complaint; therefore, plaintiff's action never stated a valid claim against the executrix of Mr. Davidson's estate, and the statute of limitations ran before a proper claim was instituted. As a result, Rule 41(a)(1) cannot be used to revive the action. The order of the trial court is affirmed.

Affirmed.

Chief Judge EAGLES and Judge LEWIS concur.