PAULA WINEBARGER, as Executrix of the Estate of Betty Ann Rogers v. CELESTE V. PETERSON, D.O.

No. COA06-734

(Filed 3 April 2007)

**1. Medical Malpractice— Rule 9(j) certification—voluntary dismissal does not toll statute of limitations when admit expert consulted after filing original complaint**

The trial court did not err in a medical malpractice case by granting summary judgment in favor of defendant based on plaintiff's failure to comply with N.C.G.S. § 1A-1, Rule 9(j) certification requirements and the expiration of the statute of limitations, because: (1) an N.C.G.S. § 1A-1, Rule 41(a) voluntary dismissal does not toll the statute of limitations where the plaintiff admits the expert was consulted after the filing of the original complaint; and (2) plaintiff admitted the allegation in the complaint was ineffective to meet the requirements set out in Rule 9(j), and thus, a voluntary dismissal without prejudice which ordinarily would allow for another year for refiling was unavailable to plaintiff in this case.

**2. Appeal and Error— preservation of issues—failure to raise constitutional issue at trial**

Although plaintiff challenges the constitutionality of N.C.G.S. § 1A-1, Rule 9(j) on appeal, this argument is dismissed because the record fails to show that plaintiff presented this argument to the trial court.

Appeal by Plaintiff from judgment entered 21 December 2005 by Judge James L. Baker, Jr., in Superior Court, Avery County. Heard in the Court of Appeals 6 March 2007.

*Hall & Hall Attorneys at Law, P.C., by Douglas L. Hall, for Plaintiff-Appellant.*

*Shumaker, Loop, & Kendrick, LLP., by Scott M. Stevenson and Robert E. Sumner, IV, for Defendant-Appellee.*

WYNN, Judge.

In *Thigpen v. Ngo*,[1] our Supreme Court held that dismissal of a medical malpractice complaint is mandatory if plaintiff fails to comply with the Rule 9(j)[2] expert certification mandate. The issue in this case is whether a Rule 41(a)[3] voluntary dismissal tolls the statute of limitations where the plaintiff admits the expert was consulted after the filing of the original complaint. For the reasons given in *Thigpen* and *Robinson v. Entwistle*,[4] we hold that the Rule 41(a) dismissal did not toll the statute of limitations; accordingly, we uphold summary judgment for Defendant.

This action arises from the filing of a complaint on 24 April 2003 by Paula Winebarger as the Executrix of the Estate of Betty Ann Rogers ("Plaintiff"). The complaint alleged that Ms. Rogers died on 26 April 2001 as a result of the medical malpractice of Dr. Celeste Peterson ("Defendant"). In compliance with Rule 9(j) of the Rules of Civil Procedure, the complaint stated:

> The medical care provided to Rogers has been reviewed by a person who is reasonably expected to qualify as an expert witness under Rule 702 of the North Carolina Rules of Evidence and who is willing to testify that the medical care did not comply with applicable standard of care.

On 2 September 2003, Defendant served Plaintiff with interrogatories to ensure compliance with Rule 9(j). On 2 December 2003,

---

1. *Thigpen v. Ngo*, 355 N.C. 198, 205, 558 S.E.2d 162, 167 (2002).

2. N.C.G.S. § 1A-1, Rule 9(j)(1) states:

   [a]ny complaint alleging medical malpractice by a health care provider as defined in G.S. 90-21.11 in failing to comply with the applicable standard of care under G.S. 90-21.12 shall be dismissed unless: (1) The pleading specifically asserts that the medical care has been reviewed by a person who is reasonably expected to qualify as an expert witness under Rule 702 of the Rules of Evidence and who is willing to testify that the medical care did not comply with the applicable standard of care. . . . N.C. Gen. Stat. § 1A-1, Rule 9(j)(1) (2003).

3. N.C.G.S. § 1A-1, Rule 41(a)(1) states:

   an action or any claim therein may be dismissed by the plaintiff without order of court . . . by filing a notice of dismissal at any time before the plaintiff rests his case. If an action commenced within the time prescribed therefor, or any claim therein, is dismissed without prejudice under this subsection, a new action based on the same claim may be commenced within one year after such dismissal.

4 *Robinson v. Entwistle*, 132 N.C. App. 519, 522, 512 S.E.2d 438, 441, *disc. review denied*, 350 N.C. 595, 537 S.E.2d 482 (1999).

Plaintiff responded naming Dr. Terry M. Reznick, D.O., P.C., as the "medical expert engaged to provide an opinion on the death of Mrs. Betty Rogers." Plaintiff stated that Dr. Reznick was first contacted on 12 November 2003.

On 8 December 2003, Defendant filed a "Motion for Summary Judgment" alleging that Plaintiff's complaint filed on 24 April 2003 failed to comply with Rule 9(j) because Plaintiff's expert was not contacted until 12 November 2003. On 6 February 2004, Plaintiff took a Voluntary Dismissal of her action without prejudice under Rule 41 of the Rules of Civil Procedure.

On 4 February 2005, Plaintiff re-filed the medical malpractice against Defendant again alleging in compliance with Rule 9(j) that the matter had been reviewed by an expert. On 18 April 2005, Defendant again filed a "Motion for Summary Judgment"[5] contending that,

> [t]he statute of limitations in the case at bar expired on April 26, 2003. Since Plaintiff did not comply with the expert certification required by Rule 9(j) at the time she first filed this action on April 24, 2003, she is now barred by the statute of limitations from refiling this matter against the Defendant. A Plaintiff cannot cure her original complaint's lack of expert certification after the statute of limitations has expired by dismissing the case and refiling within one year.

Thereafter, Defendant served interrogatories to determine Plaintiff's compliance with Rule 9(j). In response, on 1 July 2005, Plaintiff again named her expert witnesses, Dr. Terry Michael Reznick, D.O., who was first contacted on 12 November 2003. Plaintiff also filed several Affidavits in Opposition of Summary Judgment along with additional evidence. The trial court heard the Motion for Summary Judgment on 30 November 2005 and on 21 December 2005, granted summary judgment in favor of Defendant. Plaintiff appeals.

---

5. On 3 June 2005, Defendant gave "Notice of Withdrawal of Defendant's Motion for Summary Judgment", and on 26 October 2005, re-filed a "Motion for Summary Judgment" alleging the same basis as set forth in its earlier motion with the additional reasoning that

> Plaintiff, by her own admission, misrepresented that she had complied with Rule 9(j) at the time she filed the original Complaint . . . Plaintiff cannot misrepresent compliance with Rule 9(j) in the original Complaint, file a voluntary dismissal pursuant to Rule 41, and then cure her original lack of expert review after the statute of limitations has expired by re-filing within one year. To permit Plaintiff's conduct is directly contrary to the mandatory provisions of Rule 9(j). . . .

I.

**[1]** Plaintiff first argues that the trial court erred by granting summary judgment in favor of Defendant because her Rule 41(a) voluntary dismissal tolled the statute of limitations even though she admitted in discovery that the expert was consulted after the filing of the original complaint. We must disagree.

In *Thigpen v. Ngo*, our Supreme Court confirmed the mandatory nature of Rule 9(j). *Thigpen*, 355 N.C. at 204, 558 S.E.2d at 166. In that case, the plaintiff obtained a Rule 9(j) 120-day extension of the statute of limitations; and, on the final day of the extended deadline, 6 October 1999, filed a complaint without the Rule 9(j) certification. Six days later, 12 October 1999, the plaintiff filed an amended complaint including the Rule 9(j) certification. The trial court granted the defendants' motions to dismiss holding that the original complaint did not contain a certification" complying with Rule 9(j).

Our Supreme Court upheld the trial court's decision holding that, under the rules of statutory construction, dismissal of plaintiff's complaint was mandatory.

> Rule 9(j) clearly provides that *any* complaint alleging medical malpractice . . . *shall* be dismissed if it does not comply with the certification mandate. Contrary to the holding of the Court of Appeals, we find the inclusion of shall be dismissed Rule 9(j) to be more than simply a choice of grammatical construction.

*Id.* at 202, 558 S.E.2d at 165 (internal quotations omitted). Thus, the Court held that an amended complaint must "allege that review of the medical care in a medical malpractice action took place before the filing of the original complaint satisfies the requirements of Rule 9(j)." *Id.* at 204, 558 S.E.2d at 166. The Court concluded that the record must show that plaintiff alleged the review occurred before the filing of the original complaint. *But see, Brisson v. Santoriello*, 351 N.C. 589, 528 S.E.2d 568 (2000).[6]

---

6. In *Brisson*, the plaintiff brought a medical malpractice action on 3 June 1997 but failed to include a Rule 9(j) certification prompting the defendant to move for dismissal of the action. In response, the plaintiff moved to amend the complaint to include the Rule 9(j) certification and, alternatively, for dismissal under Rule 41(a). On 6 October 1997, the trial court denied the motion to amend but reserved ruling on the defendant's motion to dismiss. That same day, the plaintiff took a Rule 41(a) dismissal, and three days later, refiled the action with the proper certification. Our Supreme Court held that the dismissal under Rule 41(a) effectively extended the statute of limitations.

The facts of this case are nearly on point with the prior decision of this Court in *Robinson v. Entwistle*, 132 N.C. App. 519, 522, 512 S.E.2d 438, 441, *disc. review denied*, 350 N.C. 595, 537 S.E.2d 482 (1999). In that case, the plaintiff filed a medical malpractice action on 30 August 1996 without the required Rule 9(j) certification. On 28 October 1996, before the defendant filed responsive pleadings, the plaintiff amended the complaint to include a certification under Rule 9(j) that "medical care has been reviewed by a person who is reasonably expected to qualify as an expert witness under Rule 702 of the Rule of Evidence. . . ." N.C. Gen. Stat. § 1A-1, Rule 9(j)(1) (2003). However, the plaintiff later admitted in discovery that the medical expert did not qualify as an expert under Rule 702(b)(2). This Court stated: "Because plaintiff admitted the allegation in the amendment was ineffective to meet the requirements set out in Rule 9(j), that amendment cannot relate back to the time of the original filing to toll the statute of limitations." *Robinson*, 132 N.C. App. at 523, 512 S.E.2d at 441. Thus, this Court held that the Rule 41(a) dismissal did not toll the statute of limitations.

Here, Plaintiff filed a complaint on 24 April 2003 containing the required Rule 9(j) certification but later admitted in discovery that she had not consulted with her Rule 9(j) expert until 12 November 2003, nearly seven months after the filing of her complaint.[7] Thereafter on 6 February 2004, Plaintiff dismissed her action under Rule 41(a) and re-filed the action on 4 February 2005. As in *Robinson*, we must hold that "[b]ecause plaintiff admitted the allegation in the [complaint] was ineffective to meet the requirements set out in Rule 9(j) . . . a voluntary dismissal without prejudice which ordinarily would allow for another year for refiling was unavailable to plaintiff in this case." *Id.*

For the reasons given in *Thigpen* and *Robinson*, we affirm the trial court's grant of summary judgment in favor of Defendant.

II.

**[2]** Regarding Plaintiff's challenge to the constitutionality of Rule 9(j), we must hold that the record fails to show that Plaintiff presented this argument to the trial court.

---

7. In affidavits submitted to the trial court, Plaintiff alluded to efforts to obtain other expert opinions including Arthur Fine, M.D. whom Plaintiff contended she consulted before the filing of the original complaint. However, Plaintiff's response to Defendant's interrogatories following the filing of each complaint, identified only Dr. Reznick as her Rule 9(j) expert witness, and further, admitted that Dr. Reznick was not contacted until 12 November 2003, nearly seven months after the filing of the original complaint.

"A constitutional issue not raised at trial will . . . not be considered for the first time on appeal." *Anderson v. Assimos*, 356 N.C. 415, 416, 572 S.E.2d 101, 102 (2002) (citation omitted). Moreover, "a constitutional question is addressed only when the issue is squarely presented upon an adequate factual record and only when resolution of the issue is necessary." Furthermore, "[t]o be properly addressed, a constitutional issue must be definitely drawn into focus by plaintiff's pleadings." *Id.* (internal quotations and citations omitted). "If the factual record necessary for a constitutional inquiry is lacking, an appellate court should be especially mindful of the dangers inherent in the premature exercise of its jurisdiction." *Id.* at 416-17, 572 S.E.2d at 102 (citations omitted).

Here, while the trial court specifically found that it "does not accept Plaintiff's contention that Rule 9(j) is unconstitutional," nothing in the record nor in the transcript provided as a part of the record indicates that Plaintiff raised this issue at trial. Thus, the factual record necessary for a constitutional inquiry is lacking. Because this issue is not properly before this Court, we dismiss this assignment of error.

Affirmed in part, dismissed in part.

Judges STEELMAN and JACKSON concur.