DIETZ, Judge.
*96 The issue raised in this appeal is whether a complaint that does not satisfy the notice pleading requirements of Rule 8(a)(1) can benefit from the one-year filing extension of Rule 41(a)(1) following a voluntary dismissal. Our Supreme Court has held that "in order for a timely filed complaint to toll the statute of limitations and provide the basis for a one-year 'extension' by way of a Rule 41(a)(1) voluntary dismissal without prejudice, the complaint must conform in all respects to the rules of pleading." Estrada v. Burnham, 316 N.C. 318, 323, 341 S.E.2d 538, 542 (1986) (emphasis added).
Here, Plaintiff asserted that Defendant Heritage Propane Express is in the business of selling, installing, and maintaining propane *357 tanks, including the propane tank located in Defendant Keith Hinton's barn. The complaint also alleges that Donald Willis, Plaintiff's son, died of carbon monoxide poisoning while sleeping in that barn. Finally, the complaint alleges that "by reason and consequence of the aforementioned negligence, carelessness, recklessness, and/or willfulness" Plaintiff is entitled to relief.
But there is no "aforementioned" negligence. There is no mention of any duty owed by Heritage Propane, no allegation of unreasonable conduct, and no other reference to the essential elements of a negligence cause of action. Indeed, the complaint does not even allege that Heritage Propane's propane tank was the source of the carbon monoxide that killed Willis. Heritage Propane cannot possibly prepare a defense to a complaint that does not even disclose what claims are being asserted against it. Accordingly, we hold that Plaintiff failed to comply with the rudimentary notice pleading requirement of Rule 8(a)(1).
Under Estrada, Plaintiff's failure to conform to this foundational pleading requirement prevents application of Rule 41(a)(1)'s one-year filing extension. Accordingly, for the reasons discussed below, we affirm the trial court's order granting Heritage Propane's motion to dismiss Plaintiff's second complaint based on the statute of limitations.
*97 Facts and Procedural History
On 21 June 2012, Plaintiff Barbara Ann Murphy filed a wrongful death complaint against Defendant Heritage Propane Express.
The complaint began by describing Heritage Propane as "in the business of inspecting, maintaining, installing, and selling at retail to members of the public various types of propane tanks, propane heaters and various equipment, including the propane tank that was installed in the home and barn of Defendant Hinton."
The complaint then alleged the following sequence of events: That on 15 November 2010, Decedent Donald James Willis arrived at Keith Hinton's home at approximately 3:30 a.m. and spent the night in the upstairs area of Hinton's barn. Around 7:35 a.m., Hinton's girlfriend, Stacy Brown, went to check on Willis. Brown smelled fumes, turned off the propane heater in the barn, and then discovered Willis unresponsive. Brown called 911. The responding firemen found high levels of carbon monoxide in the barn. Willis was transported to the hospital where he was pronounced dead. These factual allegations in the complaint do not mention Heritage Propane or any actions or omissions by Heritage Propane.
After these allegations, under headings labeled "For a First Cause of Action (Survivorship Action, N.C.G.S. § 28A-18-2 )" and "For a Second Cause of Action (Wrongful Death Cause of Action, N.C.G.S. § 28A-18-1 )," the complaint alleges
That by reason and consequence of the aforementioned negligence, carelessness, recklessness, and/or willfulness and as a direct and proximate result thereof, Decedent was injured, suffered severe physical harm from which he subsequently died ...
...
That by reason and consequence of the aforementioned negligence, carelessness, recklessness, and/or willfulness and as a direct and proximate result thereof, Decedent's heirs were harmed or damaged ...
Despite the reference to the "aforementioned negligence, carelessness, recklessness, and/or willfulness," no portion of the complaint describes any act or omission by Heritage Propane that could constitute negligence or similar tort liability. The only reference to Heritage Propane is the allegation that it is "in the business of inspecting, maintaining, installing, and selling ... propane tanks ... including the propane tank *98 that was installed in the home and barn of Defendant Hinton." There is no allegation, for example, that Heritage Propane negligently designed, manufactured, or installed the propane tank at the Hinton barn; no allegation the Heritage Propane breached some duty to maintain or repair the tank to keep it in a safe condition; and no allegation that Heritage Propane failed to warn the deceased about some unreasonably dangerous condition of the propane tank of which it was aware. *358 Murphy voluntarily dismissed the complaint on 4 October 2012 and refiled the same complaint on 30 August 2013. The allegations in the refiled complaint were identical to those in the original complaint.
On 31 December 2013, Murphy amended her complaint. The amended complaint was far more detailed, listing for the first time allegations that "employees of Heritage Propane Express, LLC, either individually or in combination, were negligent in the following respects, with regard to the installation, maintenance, repair, or updating of the propane heating system, which heated the building in which Donald Willis suffered the fatal exposure to carbon monoxide gas." The complaint then includes a list of allegations for "substandard and not properly sealed" drilling holes, "haphazardly" installed equipment, improper ventilation, improper permitting, improper maintenance of ventilation pipes, and improper inspection.
On 27 May 2013, Heritage Propane filed a motion to dismiss Murphy's complaint based on the statute of limitations. The company argued that Murphy's August 2013 complaint and December 2013 amended complaint were filed outside the two-year statute of limitations period for wrongful death actions, which began to run on 15 November 2010. Heritage Propane also argued that Murphy's voluntary dismissal of her initial complaint did not provide a one-year period in which to refile under Rule 41(a)(1) of the North Carolina Rules of Civil Procedure. The company contended that a complaint that fails to state a claim on which relief can be granted cannot benefit from the one-year tolling period in Rule 41(a). The trial court agreed with Heritage Propane's arguments and granted the motion to dismiss. Murphy timely appealed.
Analysis
Ordinarily, when a plaintiff voluntarily dismisses her complaint under Rule 41(a)(1), "a new action based on the same claim may be commenced within one year after such dismissal." N.C. R. Civ. P. 41(a)(1) (2013). As a result, "[i]f the action was originally commenced within the period of the applicable statute of limitations, it may be recommenced within one year after the dismissal, even though the base period may *99 have expired in the interim." Brisson v. Santoriello, 351 N.C. 589, 594, 528 S.E.2d 568, 571 (2000).
But this one-year extension of the time for filing only applies if the complaint properly states a claim for relief. Our Supreme Court has held that " Rule 41(a)(1) must be applied in conjunction with the rules for drafting and certification of pleadings." Estrada v. Burnham, 316 N.C. 318, 322, 341 S.E.2d 538, 541 (1986). Thus, "in order for a timely filed complaint to toll the statute of limitations and provide the basis for a one-year 'extension' by way of a Rule 41(a)(1) voluntary dismissal without prejudice, the complaint must conform in all respects to the rules of pleading." Id. at 323, 341 S.E.2d at 542 (emphasis added).
In Estrada, the plaintiff filed a "bare bones" complaint and then immediately filed a voluntary dismissal of the complaint. Id. at 319, 341 S.E.2d at 540. The file stamps on the two documents showed they were filed only two minutes apart. Id. Although the complaint stated a claim for relief (and thus complied with the pleading requirements of Rule 8 of the Rules of Civil Procedure ), the Supreme Court held that the plaintiff's complaint violated the good-faith filing requirements of Rule 11 because the plaintiff never intended to pursue the original complaint and filed it solely to dismiss it and gain the additional one year "extension" on the statute of limitations. Id. at 322-23, 341 S.E.2d at 541-42.
The Court concluded that "in order for a timely filed complaint to toll the statute of limitations and provide the basis for a one-year 'extension' by way of a Rule 41(a)(1) voluntary dismissal without prejudice, the complaint must conform in all respects to the rules of pleading, including Rule 11(a)." Id. at 323, 341 S.E.2d at 542. Because plaintiff's complaint did not conform to Rule 11(a), the Supreme Court held that the trial court properly dismissed the complaint based on expiration of the statute of limitations. Id. at 325-26, 341 S.E.2d at 543.
Importantly, although Estrada involved a violation of Rule 11(a), the Supreme Court *359 stated that " Rule 41(a)(1) must be applied in conjunction with the rules for drafting and certification of pleadings " generally and that to benefit from the one-year extension "the complaint must conform in all respects to the rules of pleading, including Rule 11(a)." Id. at 322-23, 341 S.E.2d at 541-42. Thus, Estrada established that failure to comply with other "rules of pleading," beyond Rule 11(a), likewise prevents the one-year savings provision from taking effect.
This Court confirmed that portion of the Estrada holding in Robinson v. Entwistle, 132 N.C.App. 519, 523, 512 S.E.2d 438, 441 (1999). In Robinson, the plaintiff failed to comply with the expert certification *100 requirement of Rule 9(j). Id. This Court held that, under Estrada, " Rule 41(a)(1) is only available in an action where the complaint complied with the rules which govern its form and content prior to the expiration of the statute of limitations." Id. (emphasis added). As a result, this Court affirmed summary judgment based on the statute of limitations because "a voluntary dismissal without prejudice which ordinarily would allow for another year for re-filing was unavailable to plaintiff in this case." Id.
Taken together, Estrada and Robinson establish that to benefit from the one-year filing extension provided in Rule 41(a), the initial complaint must conform in all respects to the rules of pleading contained in Rules 8, 9, 10 and 11 of the North Carolina Rules of Civil Procedure.[1] These four rules govern the "form and content" of pleadings and are appropriately entitled "General rules of pleadings," "Pleading special matters," "Form of pleadings," and "Signing and verification of pleadings," respectively.
Applying Estrada and Robinson here, the one-year extension provided by Rule 41(a) is unavailable to Murphy. There is no more fundamental "rule of pleading" than the foundational requirement of Rule 8(a)(1). Rule 8(a)(1) requires a complaint to contain "[a] short and plain statement of the claim sufficiently particular to give the court and the parties notice of the transactions, occurrences, or series of transactions or occurrences, intended to be proved showing that the pleader is entitled to relief." N.C. R. Civ. P. 8(a)(1). To satisfy Rule 8(a)(1), a complaint must provide "sufficient notice of the claim asserted to enable the adverse party to answer and prepare for trial, to allow for the application of the doctrine of res judicata, and to show the type of case brought." Wake Cnty. v. Hotels.com, L.P., ---N.C.App. ----, ----, 762 S.E.2d 477, 486 (2014).
Here, Murphy's initial complaint failed to show that she is entitled to relief as required by Rule 8(a)(1). The complaint alleged that Heritage Propane is "in the business of inspecting, maintaining, installing, and selling at retail to members of the public various types of propane tanks, propane heaters and various equipment, including the propane tank that was installed in the home and barn of Defendant Hinton." The complaint also alleged that Willis died of carbon monoxide poisoning inside Defendant Hinton's barn. And the complaint alleged that Willis died "by reason and consequence of the aforementioned negligence, carelessness, recklessness, and/or willfulness."
*101 But the complaint does not include any "aforementioned" negligence. There is no allegation that Heritage Propane owed any duty to Willis nor any claim that the propane tank installed in Hinton's barn was defective, unreasonably dangerous, improperly installed, or negligently maintained. Indeed, the complaint does not even allege that Heritage Propane's propane tank was the source of the carbon monoxide that allegedly killed Willis.
As a result, the complaint does not satisfy Rule 8(a)(1)'s pleading rules. Heritage Propane cannot "answer and prepare for trial" against a claim for "aforementioned" negligence without knowing what that alleged "aforementioned" negligence is. See Hotels.com, --- N.C.App. at ----, 762 S.E.2d at 486. Likewise, the complaint does not "allow *360 for the application of the doctrine of res judicata " because it does not identify the claim being brought: is it negligent design and manufacture of the propane tank? Failure to warn? Negligent installation? Negligent maintenance and repair? The complaint does not say and thus fails to comply with Rule 8(a)(1). See id.
Because Murphy's complaint failed to satisfy Rule 8(a)(1) and thus did not "conform in all respects to the rules of pleading," the one-year tolling provision in Rule 41(a)(1) is unavailable to her. Estrada, 316 N.C. at 323, 341 S.E.2d at 542. As a result, the trial court properly dismissed her refiled complaint-filed roughly a year after the voluntary dismissal-because that complaint was well outside the applicable two-year statute of limitations.
Because we affirm the trial court's order, we need not address Heritage Propane's alternative ground to affirm based on Murphy's second amended complaint and the inapplicability of the "relation back" doctrine in Rule 15(c) of the Rules of Civil Procedure.
Conclusion
We affirm the trial court's order granting Heritage Propane's motion to dismiss based on the statute of limitations.
AFFIRMED.
Judges CALABRIA and McCULLOUGH concur.

Heritage Propane asks this Court to extend Estrada to the pleading requirement of Rule 12(b)(6) as well. But Rule 12(b)(6) is not a rule setting out a pleading requirement. It is a rule providing the procedure for seeking dismissal for failure to comply with the pleading requirements of Rules 8 and 9.