CECELIA L. FORD, Administrator of the ESTATE of WILLIE LEE FORD, JR.,
DECEASED, Plaintiff v. TRENT W. McCAIN, M.D., FORSYTH MEDICAL CENTER,
INC., and NOVANT HEALTH, INC., Defendants

No. COA07-2

(Filed 16 September 2008)

**Medical Malpractice— wrongful death—Rule 9(j) certifica-
tion—motion to dismiss—first action facially complied**

The trial court erred by granting defendant's motion to dis-
miss under N.C.G.S. § 1A-1, Rule 12(b)(6), Rule 9(j), and the
statute of limitations, plaintiff's refiled action in a wrongful death
action alleging medical negligence after plaintiff took a voluntary
dismissal under N.C.G.S. § 1A-1, Rule 41(a)(1), because: (1) the
initial complaint facially complied with Rule 9(j) when it was
filed prior to the expiration of the statute of limitations and con-
tained a Rule 9(j) certification that precisely tracked the language
in Rule 9(j)(2), including the requirement that plaintiff move for
qualification of her expert under Rule 702(e); (2) there was no
evidence that plaintiff's Rule 9(j) certification was factually insuf-
ficient when plaintiff's voluntary dismissal took place prior to any
discovery establishing that this statement did not substantively
comply with the rule and the trial court granted defendant's Rule
12(b)(6) motion with no evidence before the court at that time;
(3) the question under Rule 9(j) is whether it was reasonably
expected that the witness would qualify under Rule 702; (4)
requiring a plaintiff to obtain a ruling on a Rule 9(j)(2) motion
prior to taking a voluntary dismissal would impose an additional
limitation on Rule 41(a)(1) not supported by the plain language of
Rule 9(j) or any authority; (5) Rule 9(j)(2), by its terms, requires
only that plaintiff file the motion, which plaintiff did in this case;
and (6) plaintiff is not excused from the requirement that she
demonstrate that she complied with Rule 9(j) when she included
the certification in her initial complaint, and defendant may move
for summary judgment dismissing plaintiff's claims under Rule

9(j) and expiration of the statute of limitations if discovery establishes that plaintiff's first certification had no factual basis.

Appeal by plaintiff from order entered 8 August 2006 by Judge Michael E. Helms in Forsyth County Superior Court. Heard in the Court of Appeals 20 September 2007.

*Robert E. Probst for plaintiff-appellant.*

*Bennett & Guthrie, P.L.L.C., by Richard V. Bennett, Roberta B. King, and Jason P. Burton, for defendant-appellee Trent W. McCain, M.D.*

GEER, Judge.

Plaintiff Cecelia L. Ford appeals from the grant of defendant Trent W. McCain's motion to dismiss pursuant to Rules 12(b)(6) and 9(j) of the North Carolina Rules of Civil Procedure and the statute of limitations. Defendants Forsyth Medical Center, Inc. and Novant Health, Inc. are not parties to this appeal. Plaintiff filed her initial complaint, including the certification required by Rule 9(j), prior to the running of the statute of limitations; subsequently filed a voluntary dismissal without prejudice under N.C.R. Civ. P. 41(a)(1); and then re-filed the action. Because the Rule 9(j) certification in the first complaint was facially valid, and defendant has not, therefore, at this stage in the proceedings established a violation of Rule 9(j), we reverse the order granting defendant's motion to dismiss.

Facts

After treatment at Forsyth Medical Center, Willie Lee Ford, Jr. died on 17 September 2002. On 16 September 2004, plaintiff, the administratrix of Mr. Ford's estate, filed a wrongful death action alleging medical negligence by four physicians, including defendant Dr. McCain; four nurses; Forsyth Medical Center; and Novant Health. The complaint included the following statement pursuant to Rule 9(j) of the Rules of Civil Procedure:

36. The medical care in this case has been reviewed by a person who is reasonably expected to qualify as a medical expert witness under the provisions of Rule 702 of the North Carolina Rules of Evidence and who is willing to testify that the medical care did not comply with the applicable standard of care.

However, since PLAINTIFF'S current medical expert witnesses may not be generally qualified under Rule 702 in that the

**FORD v. McCAIN**

[192 N.C. App. 667 (2008)]

PLAINTIFF'S expert witnesses are in a different specialty from the DEFENDANT physicians, PLAINTIFF will seek to have the expert qualified pursuant to a motion under Rule 702(e) of the North Carolina Rules of Evidence, and that such expert is willing to testify that the medical care received by PLAINTIFF'S INTESTATE did not comply with applicable standard of care.

At the conclusion of the complaint, counsel for plaintiff attached a motion asking that plaintiff's medical expert witnesses be qualified as medical expert witnesses under Rule 702(e) of the North Carolina Rules of Evidence "in that he or she may have a different medical specialty other than that of the individual defendant physicians." On 25 January 2005, plaintiff voluntarily dismissed her claims against all defendants other than Dr. McCain without prejudice. She voluntarily dismissed the claims against Dr. McCain without prejudice on 7 February 2005. At the time of the dismissals, each of the defendants had filed an answer, but the trial court had not ruled upon plaintiff's motion to have her expert witnesses qualified under Rule 702(e).

On 25 January 2006, represented by new counsel, plaintiff re-filed her claims naming only three defendants: Dr. McCain, Forsyth Medical Center, and Novant Health. In addition to answering the complaint, each of the defendants moved to dismiss the complaint under Rule 12(b)(6) on the grounds that plaintiff had failed to satisfy the requirements of Rule 9(j) in her first complaint and that the statute of limitations had since expired.

The trial court granted the motions to dismiss pursuant to Rules 9(j) and 12(b)(6) of the North Carolina Rules of Civil Procedure and N.C. Gen. Stat. § 1-53(4) (2005). The trial court noted that although plaintiff had indicated her intent to have her expert witness qualified under Rule 702(e) of the North Carolina Rules of Evidence, she did not calendar her motion prior to voluntarily dismissing her action without prejudice. The trial court then determined:

At the time that she filed her Notices of Voluntary Dismissal Without Prejudice, dismissing all of the Defendant Physicians in the First Action, the Plaintiff had failed to properly certify that the medical care of the physician Defendants had been reviewed by a person reasonably expected to qualify as a medical expert witness, pursuant to Rule 9(j)(1), or to obtain a favorable ruling from the Court on her Rule 702(e) motion, as required by Rule 9(j)(2).

Since the second action with its Rule 9(j) certification was filed after the expiration of all applicable statutes of limitations, the trial court concluded that the action should be dismissed as to all defendants.

Plaintiff timely appealed this order. This Court has since allowed plaintiff's motion to dismiss the appeal as to Forsyth Medical Center and Novant Health. Dr. McCain is the sole remaining defendant.

## Discussion

This appeal requires us to consider the interplay of Rules 9(j), 12(b)(6), and 41 of the Rules of Civil Procedure. The North Carolina appellate courts have not previously addressed the precise procedural scenario presented by this case.

Rule 9(j) provides:

Any complaint alleging medical malpractice by a health care provider as defined in G.S. 90-21.11 in failing to comply with the applicable standard of care under G.S. 90-21.12 shall be dismissed unless:

(1) The pleading specifically asserts that the medical care has been reviewed by a person who is reasonably expected to qualify as an expert witness under Rule 702 of the Rules of Evidence and who is willing to testify that the medical care did not comply with the applicable standard of care;

(2) The pleading specifically asserts that the medical care has been reviewed by a person that the complainant will seek to have qualified as an expert witness by motion under Rule 702(e) of the Rules of Evidence and who is willing to testify that the medical care did not comply with the applicable standard of care, and the motion is filed with the complaint; or

(3) The pleading alleges facts establishing negligence under the existing common-law doctrine of res ipsa loquitur.

The rule allows a plaintiff to seek a 120-day extension of time to comply with its provisions. It further specifies that "[t]he plaintiff shall provide, at the request of the defendant, proof of compliance with this subsection through up to ten written interrogatories, the answers to which shall be verified by the expert required under this subsection." N.C.R. Civ. P. 9(j).

**FORD v. McCAIN**

[192 N.C. App. 667 (2008)]

Under Rule 41(a)(1), a plaintiff may voluntarily dismiss an action without order of the court "at any time before the plaintiff rests his case." Further, "[i]f an action commenced within the time prescribed therefor, or any claim therein, is dismissed without prejudice under this subsection, a new action based on the same claim may be commenced within one year after such dismissal . . . ." N.C.R. Civ. P. 41(a)(1). " '[I]n order for a timely filed complaint to toll the statute of limitations and provide the basis for a one-year "extension" by way of a Rule 41(a)(1) voluntary dismissal without prejudice, the complaint must conform in all respects to the rules of pleading.' " *Robinson v. Entwistle*, 132 N.C. App. 519, 522, 512 S.E.2d 438, 441 (quoting *Estrada v. Burnham*, 316 N.C. 318, 323, 341 S.E.2d 538, 542 (1986), *superseded by statute on other grounds as stated in Turner v. Duke Univ.*, 325 N.C. 152, 163, 381 S.E.2d 706, 712 (1989)), *disc. review denied*, 350 N.C. 595, 537 S.E.2d 482 (1999). Consequently, Rule 41(a)(1) is only available in an action where the original complaint complied with the "rules which govern its form and content prior to the expiration of the statute of limitations." *Robinson*, 132 N.C. App. at 523, 512 S.E.2d at 441.

It is well established that if a complaint is filed without a Rule 9(j) certification, Rule 9(j) mandates that the trial court grant a defendant's motion to dismiss. *Thigpen v. Ngo*, 355 N.C. 198, 203, 558 S.E.2d 162, 166 (2002). An amended complaint filed after the expiration of the statute of limitations cannot cure the omission if it does not specifically allege that the expert review occurred prior to the expiration of the statute of limitations. *Id.* at 204, 558 S.E.2d at 166.

Our appellate courts have also addressed the situation in which a Rule 41(a)(1) voluntary dismissal was taken after the filing of a complaint lacking any Rule 9(j) certification. The courts have held that if (1) the initial complaint does not contain a Rule 9(j) certification; (2) the required certification is not filed prior to the expiration of the statute of limitations and the 120-day extension permitted by Rule 9(j); and (3) the plaintiff takes a voluntary dismissal under Rule 41, then a re-filed complaint—even though containing a Rule 9(j) certification—must be dismissed for failure to state a claim for relief. *See Bass v. Durham County Hosp. Corp.*, 358 N.C. 144, 592 S.E.2d 687 (2004), *rev'g per curiam for reasons in dissenting opinion*, 158 N.C. App. 217, 223, 580 S.E.2d 738, 742 (2003) (holding trial court properly granted motion to dismiss when first complaint, filed on last day of 120-day extension granted under Rule 9(j), did not include Rule 9(j) certification; plaintiff filed amended complaint containing Rule 9(j)

certification after statute of limitations expired; plaintiff took voluntary dismissal pursuant to Rule 41(a)(1); and plaintiff re-filed action with Rule 9(j) certification within one year of dismissal); *Estate of Barksdale v. Duke Univ. Med. Ctr.*, 175 N.C. App. 102, 109, 623 S.E.2d 51, 56 (2005) (holding trial court properly granted motion to dismiss when first-filed complaint did not contain a Rule 9(j) certification, subsequent amended complaints did not include a Rule 9(j) certification, plaintiff dismissed action pursuant to Rule 41(a)(1), and plaintiff re-filed the action with Rule 9(j) certification within one year of dismissal, but after expiration of statute of limitations).[1]

Neither of these scenarios applies to this case. Here, the initial complaint filed prior to the expiration of the statute of limitations contained a Rule 9(j) certification that precisely tracked the language in Rule 9(j)(2), including the requirement that the plaintiff move for qualification of her expert under Rule 702(e). Defendant does not dispute that the initial complaint facially complied with Rule 9(j).

Nonetheless, it is also now well established that even when a complaint facially complies with Rule 9(j) by including a statement pursuant to Rule 9(j), if discovery subsequently establishes that the statement is not supported by the facts, then dismissal is likewise appropriate. Most recently, in *McGuire v. Riedle*, 190 N.C. App. 785, 788, 661 S.E.2d 754, 756 (2008), the plaintiff included a Rule 9(j) certification in his complaint identifying his treating surgeon as his Rule 9(j) expert, but, subsequently, plaintiff acknowledged in response to interrogatories that the surgeon's opinions were unknown, and the surgeon, during his deposition, stated that he had never reviewed the plaintiff's prior care, was not willing to testify about any alleged breach of the standard of care, and had never spoken with the plaintiff's attorneys about serving as an expert witness. Based on this evidence, this Court affirmed the trial court's dismissal pursuant to Rule 9(j) based on the rule's requirement that the expert be willing to tes-

---

1. We note that our Supreme Court, in *Brisson v. Santoriello*, 351 N.C. 589, 593, 528 S.E.2d 568, 570 (2000), initially held "plaintiffs' voluntary dismissal pursuant to N.C. R. Civ. P. 41(a)(1) effectively extended the statute of limitations by allowing plaintiffs to refile their complaint against defendants within one year, even though the original complaint lacked a Rule 9(j) certification." The Court subsequently, in *Bass*, 358 N.C. at 144, 592 S.E.2d at 687, reversed this Court for the reasons in the dissenting opinion. The dissenting opinion adopted by the Supreme Court concluded that *Brisson* was limited to cases in which a "proposed amended complaint with 9(j) certification . . . was filed within 120 days after the statute of limitations expired, and would have been timely filed if plaintiffs had requested and received the 120-day extension." 158 N.C. App. at 224, 580 S.E.2d at 743.

tify and the record being "equally clear that [the surgeon] was not willing to do so." *Id.* at 788, 661 S.E.2d at 757.

This analysis has also been applied when the original action was voluntarily dismissed under Rule 41(a). In *Robinson*, 132 N.C. App. at 520, 512 S.E.2d at 439, although the initial complaint did not contain a Rule 9(j) certification, the plaintiff amended her complaint to add the certification prior to the defendants' filing responsive pleadings and then voluntarily dismissed the action pursuant to Rule 41(a)(1). After she re-filed the action, the trial court denied defendants' motions to dismiss "finding that the second complaint complied with the requirements set out in [Rule 9(j)]." *Robinson*, 132 N.C. App. at 520, 512 S.E.2d at 439. The trial court, however, granted the defendants' motions for summary judgment based on the plaintiff's failure to comply with Rule 9(j) prior to the running of the statute of limitations. *Id.*

This Court affirmed the grant of summary judgment, explaining:

> In this case, although the original complaint was timely filed, both the original complaint and the amendment failed to comply with Rule 9(j). The amendment contained an allegation that Dr. Read had reviewed the records and was prepared to testify; however, plaintiff later admitted in discovery that Dr. Read would not qualify as an expert under Rule 702(b)(2) because he had not practiced as an emergency physician during the year prior to the occurrence which is the basis of this action. Because plaintiff admitted the allegation in the amendment was ineffective to meet the requirements set out in Rule 9(j), that amendment cannot relate back to the time of the original filing to toll the statute of limitations. Thus, a voluntary dismissal without prejudice which ordinarily would allow for another year for re-filing was unavailable to plaintiff in this case.

> For these reasons, we must affirm the trial court's granting of summary judgment in favor of the defendants in that this action was not properly filed before the statute of limitations expired.

*Id.* at 523, 512 S.E.2d at 441 (internal citation omitted). *See also Winebarger v. Peterson*, 182 N.C. App. 510, 514, 642 S.E.2d 544, 547 (2007) (holding trial court properly granted summary judgment in action re-filed after Rule 41(a)(1) voluntary dismissal when, although plaintiff's initial complaint included required Rule 9(j) certification, discovery established that plaintiff had not contacted Rule 9(j) expert until after complaint was filed and after statute of limitations expired).

This appeal also does not fall within this category of cases. The initial complaint, filed within the statute of limitations, facially complied with Rule 9(j) by containing a statement and motion consistent with Rule 9(j)(2). Plaintiff's voluntary dismissal took place prior to any discovery establishing that this statement did not substantively comply with the Rule. Further, because the trial court granted defendant's Rule 12(b)(6) motion, no evidence was before the court, at that time, demonstrating that the Rule 9(j) statement in the first complaint lacked evidence to support it. Thus, the record before this Court contains no evidence that plaintiff's Rule 9(j) certification was factually insufficient.

Defendant points to the fact that plaintiff's re-filed action did not rely upon Rule 9(j)(2) and qualification under Rule 702(e), but rather referenced the standard in Rule 9(j)(1). Defendant contends that the second certification indicated that plaintiff did not reasonably expect her witness for the first certification to qualify as an expert under Rule 702(e). We do not believe that such an inference necessarily arises from the second certification. The proposed inference is, therefore, contrary to the standard of review for Rule 12(b)(6) orders: "A motion to dismiss for failure to state a claim upon which relief may be granted under G.S. 1A-1, Rule 12(b)(6) is addressed to whether the facts alleged in the complaint, *when viewed in the light most favorable to the plaintiffs*, give rise to a claim for relief on any theory." *Ford v. Peaches Entm't Corp.*, 83 N.C. App. 155, 156, 349 S.E.2d 82, 83 (1986) (emphasis added), *disc. review denied*, 318 N.C. 694, 351 S.E.2d 746 (1987). *See also Trapp v. Maccioli*, 129 N.C. App. 237, 241, 497 S.E.2d 708, 711 ("The disqualification of a Rule 9(j) witness under Rule 702 does not necessarily require the dismissal of the pleadings. The question under Rule 9(j) instead is whether it was 'reasonably expected' that the witness would qualify under Rule 702. In other words, were the facts and circumstances known or those which should have been known to the pleader such as to cause a reasonable person to believe that the witness would qualify as an expert under Rule 702."), *disc. review denied*, 348 N.C. 509, 510 S.E.2d 672 (1998).

Finally, the trial court, in support of its order dismissing the action pursuant to Rule 12(b)(6), reasoned:

At the time that she filed her Notices of Voluntary Dismissal Without Prejudice, dismissing all of the Defendant Physicians in the First Action, the Plaintiff had failed to properly certify that the medical care of the physician Defendants had been reviewed by a person reasonably expected to qualify as a medical expert

**FORD v. McCAIN**

[192 N.C. App. 667 (2008)]

witness, pursuant to Rule 9(j)(1), *or to obtain a favorable ruling from the Court on her Rule 702(e) motion, as required by Rule 9(j)(2).*

(Emphasis added.) According to the trial court and defendant, plaintiff cannot be deemed to have complied with Rule 9(j) unless she obtained a favorable ruling on her Rule 702(e) motion prior to taking a voluntary dismissal under Rule 41(a)(1). This approach cannot be reconciled with Rule 41(a)(1).

Our Supreme Court held in *Brisson*, 351 N.C. at 595, 528 S.E.2d at 571, that "we must look to our Rules of Civil Procedure and construe Rule 9(j) along with Rule 41." The Court observed further:

> Although Rule 9(j) clearly requires a complainant of a medical malpractice action to attach to the complaint specific verifications regarding an expert witness, the rule does not expressly preclude such complainant's right to utilize a Rule 41(a)(1) voluntary dismissal. Had the legislature intended to prohibit plaintiffs in medical malpractice actions from taking voluntary dismissals where their complaint did not include a Rule 9(j) certification, then it could have made such intention explicit.

*Id.* The Court then explained the purpose of Rule 41(a)(1):

> The purpose of our long-standing rule allowing a plaintiff to take a voluntary dismissal and refile the claim within one year even though the statute of limitations has run subsequent to a plaintiff's filing of the original complaint is to provide a one-time opportunity where the plaintiff, for whatever reason, does not want to continue the suit. . . . *The only limitations are that the dismissal not be done in bad faith and that it be done prior to a trial court's ruling dismissing plaintiff's claim or otherwise ruling against plaintiff at any time prior to plaintiff resting his or her case at trial.*

*Id.* at 597, 528 S.E.2d at 573 (emphasis added).[2]

Requiring a plaintiff to obtain a ruling on a Rule 9(j)(2) motion prior to taking a voluntary dismissal would impose an additional lim-

---

2. *Brisson* has not been overruled by the Supreme Court, although it has been distinguished on grounds not pertinent to this analysis. *See Bass*, 158 N.C. App. at 224, 580 S.E.2d at 743 (Tyson, J., dissenting) (reconciling *Thigpen* and *Brisson* and distinguishing *Brisson*), *adopted per curiam*, 358 N.C. 144, 592 S.E.2d 687 (2004); *Thigpen*, 355 N.C. at 201, 558 S.E.2d at 164 ("We find the facts in *Brisson* distinguishable from those in the present case.").

itation on Rule 41(a)(1) not supported by the plain language of 9(j) or any authority. *See Brandenburg Land Co. v. Champion Int'l Corp.*, 107 N.C. App. 102, 103, 418 S.E.2d 526, 527 (1992) ("A plaintiff may take a voluntary dismissal at any time prior to resting his or her case."); *Whitehurst v. Virginia Dare Transp. Co.*, 19 N.C. App. 352, 355, 198 S.E.2d 741, 743 (1973) ("The major thrust of Rule 41(a)(1) is to limit the time within which a plaintiff has *the absolute right* to dismiss his action without prejudice, which period is now any time before he rests his case." (emphasis added)). Rule 9(j)(2), by its terms, requires only that the plaintiff file the motion, which, in this case, plaintiff did. We cannot reconcile the trial court's requirement that plaintiff also obtain a ruling on her Rule 702(e) motion with the "absolute right" to voluntarily dismiss an action at any time before a plaintiff rests his or her case. *Whitehurst*, 19 N.C. App. at 355, 198 S.E.2d at 743.

Permitting such a voluntary dismissal does not interfere with the policies underlying Rule 9(j). Plaintiff is not excused from the requirement that she demonstrate she complied with Rule 9(j) when she included the certification in her initial complaint. If discovery establishes that plaintiff's first certification had no factual basis, then defendant may move for summary judgment dismissing plaintiff's claims under Rule 9(j) and expiration of the statute of limitations, as was done in *Robinson*, 132 N.C. App. at 523, 512 S.E.2d at 441. *See also Staley v. Lingerfelt*, 134 N.C. App. 294, 298, 517 S.E.2d 392, 395 (affirming grant of summary judgment on statute of limitations grounds in action re-filed after voluntary dismissal, noting that Rule 41(a)(1) "may not be used to avoid the statute of limitations by taking a dismissal in situations where the initial action was already barred by the statute of limitations"), *disc. review denied*, 351 N.C. 109, 540 S.E.2d 367 (1999).

In sum, we hold that plaintiff's certification in the first action facially complied with Rule 9(j), and she was, therefore, entitled to take a voluntary dismissal under Rule 41(a)(1) and re-file her claims. No basis exists for dismissal of the re-filed action pursuant to Rule 12(b)(6). While defendant may be able to show on a motion for summary judgment that he is entitled to dismissal of plaintiff's claims for failure to comply with Rule 9(j), the record at the Rule 12(b)(6) stage does not support an order of dismissal. We, therefore, reverse.

Reversed.

Judges BRYANT and STEELMAN concur.