***********
The Full Commission has reviewed the prior Order based upon the record of the proceedings before Deputy Commissioner Gheen, and the briefs and arguments of the parties. The appealing party has not shown good grounds to reconsider the evidence, receive further evidence, or rehear the parties or their representatives. Having reviewed the competent evidence of record, the Full Commission enters the following Decision and Order affirming the Order of Deputy Commissioner Gheen with modifications.
 ***********
The pleadings of the parties and the presentation of counsel at hearing engender the following:
 ISSUES
1. Where Plaintiff files a State Tort Claim alleging medical negligence, is an amendment to the original Affidavit made after the statute of limitations has expired effective? *Page 2 
2. If not, is summary judgment appropriate under the facts and circumstances of this case?
 ***********
Based upon all of the competent, credible evidence of record, the Full Commission makes the following:
 FINDINGS OF FACT
1. This is a wrongful death medical case brought by Plaintiff concerning the September 30, 2003 death of Jasont C. Webb ("Webb") as the result of the alleged medical negligence of employees and agents of Defendant.
2. Plaintiff filed his tort claim Affidavit with the appropriate filing fee on August 25, 2005.
3. Plaintiff's Affidavit did not assert, as required by Rule 9(j) of the North Carolina Rules of Civil Procedure, that the medical care provided to Webb was reviewed by a person who was reasonably expected to qualify as an expert witness under Rule 702 of the North Carolina Rules of Evidence, and who was willing to testify that the medical care did not comply with the applicable standard of care.
4. Defendant was served with a copy of Plaintiff's Affidavit by the Industrial Commission on September 14, 2005.
5. On October 11, 2005, Defendant timely filed its Answer to Plaintiff's Affidavit and Motion to Dismiss. Defendant moved to dismiss Plaintiff's claim for failure to comply with the Rule 9(j) pleading requirements. *Page 3 
6. Plaintiff did not file a motion with Industrial Commission pursuant to Rule 9(j) to seek an extension of the statute of limitations, not to exceed 120 days, in which to file a complaint in a medical malpractice action in order to comply with Rule 9(j).
7. On November 7, 2005, Plaintiff filed a Motion to Amend which stated:
Plaintiff seeks to amend the Affidavit to state the following:
 1. That the medical care provided to the deceased Jasont Webb has been reviewed by a person who is reasonably expected to qualify as an expert witness under Rule 702 of the Rules of Evidence and who is willing to testify that the medical care did not comply with the applicable standards of care.
8. Commissioner Bernadine S. Ballance filed an Order Amending Complaint on November 17, 2005 which permitted Plaintiff to amend his complaint/affidavit to comply with Rule 9(j).
9. In Defendant's First Set of Interrogatories and Request for Production of Documents to Plaintiff, Defendant asked Plaintiff to identify the medical provider who, pursuant to Rule 9(j), had reviewed the medical care provided to Webb as stated in his November 7, 2005 Motion to Amend. Plaintiff answered as follows:
 The medical provider is Ann Finch, Board Certified Advanced Psychiatric Nurse and our other expert is Dr. Moira Artigues. We also had the medical care reviewed by Rosalyn Harris-Offutt, C.R.N.A.B.S.L.PC.B.C.E.T.S., C.L.N.C., medical-legal nurse consultant.
10. As indicated in his answer to Defendant's First Set of Interrogatories and Request for Production of Documents, Plaintiff expressed the intent to have two experts testify in the instant case, Anne Finch, Board Certified Psychiatric Nurse, and Dr. Moira Artigues. Defendant took the depositions of Ms. Finch, and Dr. Artigues. *Page 4 
11. At her deposition, Ms. Finch testified that she was first contacted regarding the case on October 20, 2005 when she received a phone call from Plaintiff's counsel. Ms. Finch also testified that she first provided her written opinions in the case on July 18, 2006.
12. Dr. Artigues testified via deposition that she was first contacted by Plaintiff's counsel in February 2008, and that she provided her initial opinions at that time.
13. In his Motion to Amend, Plaintiff failed to specifically allege that review of the medical care provided to Webb by one of the two experts identified by Plaintiff occurred prior to the expiration of the statute of limitations prescribed by N.C. Gen. Stat. § 1-53(4).
14. In his "Claim for Damages Under Tort Claims Act — Amended Affidavit" filed on October 28, 2008, Plaintiff named "Dr. Elizabeth Ridgeway, Psychiatrist for the North Carolina Department of Corrections as the negligent employee in this claim." Dr. Ridgeway is the only alleged negligent employee named by Plaintiff.
15. On September 30, 2009, Defendant filed a Motion for Summary Judgment based on Plaintiff's failure to comply with Rule 9(j), which Deputy Commissioner Gheen granted in his Order filed on March 18, 2010.
 ***********
Based upon the foregoing Findings of Fact, the Full Commission enters the following:
 CONCLUSIONS OF LAW
1. N.C. Gen. Stat. § 1-53(4) requires filing within two years of "actions for damages on account of the death of a person caused by the wrongful act, neglect or fault of another under N.C. Gen. Stat. § 28A-18-2; the cause of action shall not accrue until the date of death." The statute of limitations in N.C. Gen. Stat. § 1-53(4) is entirely consistent with the two year statute of *Page 5 
limitations for wrongful death provided by N.C. Gen. Stat. § 143-299. Therefore, in the instant case, the statute of limitations expired September 30, 2005.
2. "It is well established that if a complaint is filed without Rule 9(j) certification, Rule 9(j) mandates that the trial court grant a defendant's motion to dismiss." Ford v. McCain,192 N.C.App. 667, 666 S.E.2d 153 (2008) (citing Thigpen v.Ngo, 355 N.C. 198, 203, 558 S.E.2d 162, 166 (2002)). As Plaintiff's original Affidavit filed on August 25, 2005 did not contain the required Rule 9(j) certification, Defendant's motion properly raises the issue of application of the statute of limitations.
3. Rule 9(j) provides:
 Upon motion by the complainant prior to the expiration of the applicable statute of limitations, a resident judge . . . may allow a motion to extend the statute of limitations for a period not to exceed 120 days to file a complaint in a medical malpractice action in order to comply with the Rule, upon a determination that good cause exists for the granting of the motion and that the ends of justice would be served by an extension
(Emphasis added). In the instant case, Plaintiff did not file his Motion to Amend until November 7, 2005, after the statute of limitations had expired.
4. Furthermore, although Plaintiff was allowed to amend his Tort Claim Affidavit by Order of the Industrial Commission, in the instant case, the amendment was made outside the prescribed statute of limitations and does not relate back to the date of the filing of the original Affidavit. Bass v. Durham County Hosp. Corp.,358 N.C. 144, 592 N.E.2d 687 (2004); Thigpen v. Ngo,355 N.C. 198, 204, 558 S.E.2d 162, 166 (Original complaint failed to comply with the Rule 9(j) certification mandate. Plaintiff requested and received the 120-day extension to comply with the certification mandate. Plaintiff still failed to include any certification in her *Page 6 
complaint. Court held that an amendment to the original complaint filed after the statute of limitations, or any extension permitted, is not effective).
5. Even though the issue is moot under the terms of this Decision and Order, in addition to failing to timely file his Motion to Amend to comply with Rule 9(j), Plaintiff's 9(j) amendment does not contain the proper certification. "An amended complaint filed after the expiration of the statute of limitations cannot cure the omission if it does not specifically allege that the expert review occurred prior to the expiration of the statute of limitations."Ford v. McCain,192 N.C.App. 667, 671, 666 S.E.2d 153, 156 (citing Thigpen v.Ngo, 355 N.C. at 198, 558 S.E.2d at 162).
6. Summary judgment is a drastic remedy that should be granted cautiously only where the moving party is clearly entitled to judgment as a matter of law. N.C. Gen. Stat. § 1A-1; Rule 56 of the North Carolina Rules of Civil Procedure. Generally, whether a cause of action is barred by the statute of limitations is a mixed question of law and fact; however, where, as in the instant case, the statute of limitations is properly pled and the facts are not in conflict, the issue becomes a matter of law, and summary judgment is appropriate. Scott Jones, Inc., v. Carlton Ins. Agency,Inc., 196 N.C.App. 290, 677 S.E.2d 848 (2009).
7. Plaintiff's argument that his Complaint/Affidavit in the instant case alleges a claim for ordinary negligence as to some Defendants, and therefore, a Rule 9(j) certification was not necessary, is not well taken as the only allegedly negligent employee named by Plaintiff is Dr. Elizabeth Ridgeway, a psychiatrist with the North Carolina Department of Corrections.
 ***********
Based upon the foregoing Findings of Fact and Conclusions of Law, the Full Commission enters the following: *Page 7 
 ORDER
1. Plaintiff's above captioned tort claim is DISMISSED WITH PREJUDICE.
2. Each side shall bear its own costs.
This the 27th day of August, 2010.
 S/___________________
 LINDA CHEATHAM
 COMMISSIONER
CONCURRING:
S/___________________ LAURA KRANIFELD MAVRETIC COMMISSIONER
S/___________________ DANNY LEE McDONALD COMMISSIONER *Page 1