ROGER STEVENSON, Plaintiff v. N.C. DEPARTMENT OF CORRECTION, Defendant

No. COA10-1169

(Filed 15 March 2011)

**1. Medical Malpractice— Tort Claims Act—Rule 9(j)— applicable**

An inmate's allegation in a complaint under the Tort Claims Act that a physician's assistant failed to provide the appropriate standard of medical care fell squarely within the definition of a medical malpractice claim. Compliance with N.C.G.S.§ 1A-1, Rule 9(j) was required.

**2. Medical Malpractice— Rule 9(j) certification—res ipsa loquitur—not established**

Although a claim which fails to comply with N.C.G.S. § 1A-1, Rule 9(j) may still be valid if it establishes negligence under *res*

*ipsa loquitur*, plaintiff's allegation that a physician assistant's examination consisted of only a cursory glance was not the type of negligence a jury could infer through common knowledge and experience and plaintiff did not establish negligence through *res ipsa loquitur*.

**3. Judgments— clerical error—remanded for correction**

A clerical error in a Tort Claims order was remanded for correction where the Industrial Commission concluded that plaintiff had complied with the special pleading requirements of Rule 9(j), even though it was clear from the context that the Commission had intended the opposite.

Appeal by plaintiff from order entered 8 April 2010 by the North Carolina Industrial Commission. Heard in the Court of Appeals 23 February 2011.

*Roger Stevenson, pro se, for plaintiff-appellant.*

*Attorney General Roy Cooper, by Associate Attorney General Christina S. Hayes, for defendant-appellee.*

CALABRIA, Judge.

Roger Stevenson ("plaintiff") appeals an order of the North Carolina Industrial Commission ("the Commission") dismissing his complaint under the Tort Claims Act without prejudice. Plaintiff's claim against the North Carolina Department of Correction ("defendant") was dismissed for his failure to comply with N.C. Gen. Stat. 1A-1, Rule 9(j)(2009) ("Rule 9(j)"). We affirm and remand for correction of a clerical error.

## I. Background

Plaintiff is an inmate at the Lanesboro Correctional Institute in Polkton, North Carolina. On 5 May 2008, plaintiff sought medical treatment for a skin condition from Physician Assistant Frank Stanford ("P.A. Stanford"). Plaintiff requested that P.A. Stanford renew his prescription for skin cream. However, after an examination, P.A. Stanford determined that plaintiff no longer required a prescription for skin cream and denied plaintiff's request. Plaintiff alleges that P.A. Stanford failed to review his medical records and only gave plaintiff's skin a "cursory" glance before deciding to deny plaintiff's request for treatment.

On 14 May 2008, plaintiff filed a *pro se* Tort Claims Affidavit against defendant with the North Carolina Industrial Commission ("the Commission"). On 10 June 2008, defendant filed a motion to dismiss plaintiff's claim on the basis of, *inter alia*, plaintiff's failure to comply with Rule 9(j). Defendant's motion to dismiss was heard before Deputy Commissioner Myra L. Griffin on 3 June 2009. On 30 June 2009, Deputy Commissioner Griffin entered an order dismissing plaintiff's claim for failure to comply with Rule 9(j).

Plaintiff appealed to the Full Commission. On 8 April 2010, the Commission entered an order dismissing plaintiff's claim without prejudice. The Commission's order permitted plaintiff to re-file his claim with the required Rule 9(j) certification, so long as plaintiff re-filed his claim before the earlier of either (1) the expiration of the applicable statute of limitations or (2) one year after the entry of the Commission's order. Plaintiff appeals.

## II. Rule 9(j)

[1] Under the Tort Claims Act, the Commission is "constituted a court for the purpose of hearing and passing upon tort claims against . . . all . . . departments, institutions and agencies of the State."

N.C. Gen. Stat. § 143-291(a) (2009). The Commission

> shall determine whether or not each individual claim arose as a result of the negligence of any officer, employee, involuntary servant or agent of the State while acting within the scope of his office, employment, service, agency or authority, under circumstances where the State of North Carolina, if a private person, would be liable to the claimant in accordance with the laws of North Carolina.

*Id.* "The standard of review for an appeal from the Full Commission's decision under the Tort Claims Act shall be for errors of law only under the same terms and conditions as govern appeals in ordinary civil actions . . . ." *Pate v. N.C. DOT*, 176 N.C. App. 530, 533-34, 626 S.E.2d 661, 664 (2006).

"[T]he North Carolina Rules of Civil Procedure apply in tort claims before the Commission, to the extent that such rules are not inconsistent with the Tort Claims Act, in which case the Tort Claims Act controls." *Doe 1 v. Swannanoa Valley Youth Dev. Ctr.*, 163 N.C. App. 136, 141, 592 S.E.2d 715, 719 (2004) (citing N.C. Gen. Stat.

§ 143-300 and 4 NCAC 10B.0201(a)). In the instant case, plaintiff's claim was dismissed for failure to comply with Rule 9(j). This rule states:

> Any complaint alleging medical malpractice by a health care provider as defined in G.S. 90-21.11 in failing to comply with the applicable standard of care under G.S. 90-21.12 shall be dismissed unless:
>
> > (1) The pleading specifically asserts that the medical care has been reviewed by a person who is reasonably expected to qualify as an expert witness under Rule 702 of the Rules of Evidence and who is willing to testify that the medical care did not comply with the applicable standard of care;
> >
> > (2) The pleading specifically asserts that the medical care has been reviewed by a person that the complainant will seek to have qualified as an expert witness by motion under Rule 702(e) of the Rules of Evidence and who is willing to testify that the medical care did not comply with the applicable standard of care, and the motion is filed with the complaint; or
> >
> > (3) The pleading alleges facts establishing negligence under the existing common-law doctrine of res ipsa loquitur.

N.C. Gen. Stat. § 1A-1, Rule 9(j) (2009). "It is well established that if a complaint is filed without a Rule 9(j) certification, Rule 9(j) mandates that the trial court grant a defendant's motion to dismiss." *Ford v. McCain*, 192 N.C. App. 667, 671, 666 S.E.2d 153, 156 (2008).

N.C. Gen. Stat. § 90-21.11 defines a medical malpractice action as "a civil action for damages for personal injury or death arising out of the furnishing or failure to furnish professional services in the performance of medical, dental, or other health care by a health care provider." N.C. Gen. Stat. § 90-21.11 (2009). In the instant case, plaintiff's claim alleged that P.A. Stanford was negligent in failing to properly diagnose and treat plaintiff's skin condition with a prescription skin cream. Specifically, plaintiff alleged that P.A. Stanford was negligent by only giving the infected area a cursory glance before refusing to prescribe the skin cream, and that, as a result, plaintiff was "forced to endure" pain and suffering resulting from the lack of treatment. This allegation, that P.A. Stanford's denial of plaintiff's request for a prescription skin cream constituted a failure by P.A. Stanford to provide

plaintiff with the appropriate standard of medical care, fell squarely within the definition of a medical malpractice claim. Consequently, plaintiff's claim was required to comply with Rule 9(j).

**[2]** Plaintiff's claim failed to include an assertion that plaintiff's medical care was reviewed by an expert who was willing to testify that P.A. Stanford's actions did not comply with the applicable standard of medical care. Therefore, plaintiff's claim did not comply with either Rule 9(j)(1) or (2). However, a claim which fails to comply with Rule 9(j)(1) or (2) will still be valid if the claim establishes negligence under the common law doctrine of *res ipsa loquitur.* N.C. Gen. Stat. § 1A-1, Rule 9(j)(3) (2009)."[I]n order for *res ipsa loquitur* to apply, the negligence complained of must be of the nature that a jury— through common knowledge and experience—could infer." *Diehl v. Koffer,* 140 N.C. App. 375, 378-79, 536 S.E.2d 359, 362 (2000). Plaintiff's allegation that P.A. Stanford's examination was inadequate because it only consisted of what plaintiff characterized as a Acursory" glance at the infected area is not the type of negligence that a jury could infer through common knowledge and experience. Expert testimony would be required in order to determine whether P.A. Stanford's examination was sufficient under the applicable standard of care, and as a result, plaintiff's claim also failed to establish negligence under the doctrine of *res ipsa loquitur.* Thus, plaintiff's claim does not comply with Rule 9(j) and the Commission properly dismissed the claim.

### III. Clerical Error

**[3]** However, the Commission's order contains a clerical error. "A clerical error is an error resulting from a minor mistake or inadvertence, esp. in writing or copying something on the record, and not from judicial reasoning or determination." *Marolf Constr. v. Allen's Paving Co.,* 154 N.C. App. 723, 726, 572 S.E.2d 861, 863 (2002) (internal quotations and citations omitted). The Commission's third conclusion of law states, "Although Plaintiff has asserted a cause of action for medical malpractice, his Affidavit *does comply* with the special pleading requirements of Rule 9(j), and Plaintiff's claim for medical malpractice is therefore subject to dismissal without prejudice." (Emphasis added). It is clear from the context of this conclusion of law and the remainder of the Commission's order that the Commission intended to conclude that plaintiff's claim did *not* comply with the special pleading requirements of Rule 9(j).

Consequently, we remand the instant case to the Commission for correction of this clerical error.[1]

### IV. Conclusion

Since plaintiff's claim was a medical malpractice action, he was required to comply with Rule 9(j). Plaintiff's failure to comply with this rule "mandates that the trial court grant . . . defendant's motion to dismiss." *Ford*, 192 N.C. App. at 671, 666 S.E.2d at 156. Accordingly, the Commission correctly dismissed plaintiff's claim without prejudice. However, the Commission inadvertently omitted the word "not" in its third conclusion of law, and thus, we remand for correction of this clerical error.

Affirmed; remanded for correction of clerical error.

Judges STEELMAN and BEASLEY concur.

---

1. Deputy Commissioner Griffin's order contained an identically worded conclusion of law, which we also consider a clerical error.