CALABRIA, Judge.
*377 Jonathan Ratledge ("plaintiff") appeals from the trial court's order dismissing his medical malpractice complaint against Phillip S. Perdue, Jr., M.D. ("Dr. Perdue") and Orthopaedics East and Sports Medicine Center, Inc. (collectively "defendants") for failure to comply with N.C. Gen.Stat. § 1A-1, Rule 9(j) (2013) (" Rule 9(j)"). We affirm.
On 15 August 2008, plaintiff, a baseball player at East Carolina University, visited Dr. Perdue to seek treatment for pain in his left hand.
*378 Dr. Perdue determined that plaintiff had a fractured hamate hook, which would require surgery to repair. Dr. Perdue performed the surgery on 29 August 2008. During the procedure, Dr. Perdue severed plaintiff's ulnar nerve.
After the operation, Dr. Perdue continued to see plaintiff in order to monitor his progress. Plaintiff complained of ulnar pain and had difficulty moving portions of his hand. Dr. Perdue advised plaintiff that these complications from surgery could take 9-12 months to completely resolve. Plaintiff's last appointment with Dr. Perdue occurred on 19 March 2009.
On 29 May 2009, plaintiff visited Glen Gaston, M.D. ("Dr. Gaston") to seek a second opinion on his symptoms. Dr. Gaston determined that plaintiff's ulnar nerve had been severed and attempted to correct it via surgery. Dr. Gaston performed multiple procedures, but was ultimately unable to reattach the nerve and return functionality to plaintiff's hand.
Plaintiff retained the services of an attorney, who sent plaintiff's medical records to the CorVel Corporation ("CorVel"), a company which performs reviews of potential medical malpractice claims and provides referrals to expert witnesses. The claim was reviewed by Robert Pennington, M.D. ("Dr. Pennington"). CorVel provided plaintiff's counsel with a "Peer Review by a North Carolina Licensed Board Certified Orthopedic Surgeon" which purported to be Dr. Pennington's review of the case.
Based upon Dr. Pennington's review, plaintiff initiated a medical malpractice action against Dr. Perdue in Pitt County Superior Court on 16 March 2012. After receiving the complaint, defendants' counsel sent interrogatories to plaintiff's counsel seeking to discover the basis for plaintiff's Rule 9(j) certification. In response, plaintiff sent unverified answers to the interrogatories. Defendants then filed a motion to compel verified answers as required by Rule 9(j). On 20 December 2012, the trial court entered a consent order whereby plaintiff would provide verified responses to the interrogatories within 15 days of the entry of the order. Plaintiff failed to comply with the consent order. As a result, defendants filed a motion to dismiss on 8 February 2013. On 14 March 2013, plaintiff filed a voluntary dismissal without prejudice. On 30 September 2013, plaintiff refiled his complaint, including the same allegations of medical malpractice from the original complaint.
On 23 October 2013, defendants filed a motion to dismiss on the basis that plaintiff had not fully complied with Rule 9(j) before the *379 expiration of the statute of limitations. After a hearing, the trial court granted the motion on 19 December 2013. Plaintiff appeals.
Plaintiff's sole argument on appeal is that the trial court erred by dismissing his complaint for failure to satisfy the requirements of Rule 9(j). We disagree.
Rule 9(j) states, in relevant part:
*317 Any complaint alleging medical malpractice by a health care provider ... in failing to comply with the applicable standard of care ... shall be dismissed unless:
(1) The pleading specifically asserts that the medical care and all medical records pertaining to the alleged negligence that are available to the plaintiff after reasonable inquiry have been reviewed by a person who is reasonably expected to qualify as an expert witness under Rule 702 of the Rules of Evidence and who is willing to testify that the medical care did not comply with the applicable standard of care[.]
N.C. Gen.Stat. § 1A-1, Rule 9(j) (2013). Moreover, "it is also now well established that even when a complaint facially complies with Rule 9(j) by including a statement pursuant to Rule 9(j), if discovery subsequently establishes that the statement is not supported by the facts, then dismissal is likewise appropriate." Ford v. McCain, 192 N.C.App. 667, 672, 666 S.E.2d 153, 157 (2008).
When ruling upon a motion to dismiss for failure to comply with Rule 9(j), "a court must consider the facts relevant to Rule 9(j) and apply the law to them. Thus, a plaintiff's compliance with Rule 9(j) requirements clearly presents a question of law to be decided by a court, not a jury. A question of law is reviewable by this Court de novo. " Phillips v. Triangle Women's Health Clinic, Inc., 155 N.C.App. 372, 376, 573 S.E.2d 600, 603 (2002) (citations omitted), aff'd per curiam, 357 N.C. 576, 597 S.E.2d 669 (2003).
When a trial court determines a Rule 9(j) certification is not supported by the facts, "the court must make written findings of fact to allow a reviewing appellate court to determine whether those findings are supported by competent evidence, whether the conclusions of law are supported by those findings, and, in turn, whether those conclusions support the trial court's ultimate determination."
*380 Estate of Wooden v. Hillcrest Convalescent Ctr., Inc., 222 N.C.App. 396, 403-04, 731 S.E.2d 500, 506 (2012) (quoting Moore v. Proper, 366 N.C. 25, 32, 726 S.E.2d 812, 818 (2012) ).
Initially, we note that our Courts have held that compliance with Rule 9(j) must be established as of the time of the filing of the medical malpractice complaint.
Because Rule 9(j) requires certification at the time of filing that the necessary expert review has occurred, compliance or noncompliance with the Rule is determined at the time of filing. The Court of Appeals has held that when conducting this analysis, a court should look at "the facts and circumstances known or those which should have been known to the pleader" at the time of filing. We find this rule persuasive, as any reasonable belief must necessarily be based on the exercise of reasonable diligence under the circumstances. As a result, the Court of Appeals has correctly asserted that a complaint facially valid under Rule 9(j) may be dismissed if subsequent discovery establishes that the certification is not supported by the facts, at least to the extent that the exercise of reasonable diligence would have led the party to the understanding that its expectation was unreasonable.
Moore, 366 N.C. at 31-32, 726 S.E.2d at 817 (2012) (internal quotations and citations omitted).
Our appellate courts have also addressed the situation in which a Rule 41(a)(1) voluntary dismissal was taken after the filing of a complaint lacking any Rule 9(j) certification. The courts have held that if (1) the initial complaint does not contain a Rule 9(j) certification; (2) the required certification is not filed prior to the expiration of the statute of limitations and the 120-day extension permitted by Rule 9(j) ; and (3) the plaintiff takes a voluntary dismissal under Rule 41, then a re-filed complaint-even though containing a Rule 9(j) certification-must be dismissed....
Ford, 192 N.C.App. at 671, 666 S.E.2d at 156-57.
In the instant case, plaintiff was required to obtain a valid Rule 9(j) certification before he filed his original complaint on 16 March 2012. See id. Plaintiff subsequently filed a voluntary dismissal without prejudice of that complaint on 14 March 2013 and a new complaint on 30 September *381 2013, *318 pursuant to N.C. Gen.Stat. § 1A-1, Rule 41 (2013). However, 16 March 2012 remains the relevant date from which to determine plaintiff's Rule 9(j) compliance, because the new complaint was filed after the expiration of the statute of limitations. See McKoy v. Beasley, 213 N.C.App. 258, 263, 712 S.E.2d 712, 716 (2011) (A "defective original complaint cannot be rectified by a dismissal followed by a new complaint complying with Rule 9(j), where the second complaint is filed outside of the applicable statute of limitations."). Therefore, in order to survive defendants' motion to dismiss, plaintiff's 16 March 2012 complaint must have included a valid Rule 9(j) certification.
The trial court's findings of fact indicate that, prior to filing the 16 March 2012 complaint, plaintiff's counsel contacted CorVel, and that CorVel provided him with a "Peer Review by a North Carolina Licensed Board Certified Orthopedic Surgeon" regarding plaintiff's surgery that was purported to be from Dr. Pennington. However, the review was not signed or otherwise formally verified by Dr. Pennington. Moreover, the review never stated that Dr. Perdue's actions during plaintiff's surgery fell below the applicable standard of care or that Dr. Pennington would testify to that effect. Finally, the trial court found that the email correspondence between plaintiff's counsel and CorVel personnel did not include any competent evidence that Dr. Pennington was willing to testify in the instant case that Dr. Perdue's treatment of plaintiff fell below the applicable standard of care.
The trial court's findings, which are supported by competent evidence submitted to the trial court at the Rule 9(j) compliance hearing, establish that plaintiff never received any definitive confirmation that Dr. Pennington either believed that plaintiff's treatment by Dr. Perdue fell below the applicable standard of care or that Dr. Pennington would testify to that effect. Thus, the court's findings support its conclusion of law that plaintiff failed to comply with Rule 9(j) prior to the expiration of the statute of limitations, because, at the time of the filing of the original complaint, "the exercise of reasonable diligence would have led [plaintiff] to the understanding that [his] expectation [that Dr. Pennington would testify] was unreasonable." Moore, 366 N.C. at 32, 726 S.E.2d at 817. Accordingly, the trial court properly dismissed plaintiff's complaint. See id. at 31-32, 726 S.E.2d at 817. The trial court's order is affirmed.
Affirmed.
Judges STEELMAN and McCULLOUGH concur.